EXHIBIT J

# CQ.com

Log In

Username: [          ]    Password:

Free Trial | Guided Tour    ☐ Remember me  Go

Archives | Newsletters | Products | Free Trials | Advertise | Customer Service | Hill Jobs | About CQ

Friday, October 26, 2007

**CQ Today**

Related Stories
About CQ Today
Free Trial
🔲 RSS feed



CQ SUMMIT
Energy Challenges in Local Communities
LEARN MORE HERE
SPONSORED BY SHELL

Congress Web
The Fast, Easy to Use
Internet Advocacy
Solution
www.TheSoftEdge.com

Looking For Bill Text?
Use LegisWeb to see
how proposed
legislation affects your
interests.
www.legisweb.net

CQ TODAY
Oct. 18, 2007 – 10:32 p.m.

## Senate Panel OKs Surveillance Bill

By Tim Starks, CQ Staff

The Senate Intelligence Committee approved legislation Thursday permitting warrantless surveillance of international calls that may involve U.S. citizens, while granting a special court authority to review several aspects of such spying.

The bill, approved 13-2, also would give retroactive legal immunity to private sector companies alleged to have participated in the National Security Agency's warrantless surveillance program. The shield would cover actions that took place after Sept. 11, 2001, up to when the program was placed this year under the authority of the court created by the Foreign Intelligence Surveillance Act, or FISA (PL 95-511).

Senate Majority Leader Harry Reid, D-Nev., has targeted mid-November for floor debate on legislation overhauling FISA, according to his spokesman, Jim Manley. But the bill — worked out between leaders of the Intelligence Committee and the White House — already faces hurdles.

Christopher J. Dodd, D-Conn., who is running for his party's presidential nomination, said he has placed a hold on the legislation, and leaders of the Judiciary Committee have expressed skepticism about some of the provisions. Judiciary shares jurisdiction over the bill with the Intelligence panel.

The two votes against the bill in the Intelligence Committee were cast by Russ Feingold, D-Wis., and Ron Wyden, D-Ore.

Several details of the markup were not disclosed by the panel. But Chairman John D. Rockefeller IV, D-W.Va., and Vice Chairman Christopher S. Bond, R-Mo., who wrote the bill, provided some, including that the bill would sunset after six years.

Rockefeller said the goal of the bill is to protect the civil liberties and privacy of U.S. citizens while also ensuring national security.

"It does not do any of those things absolutely perfectly, but it does them the best it can do," he said.

The FISA court would have to approve several aspects of warrantless surveillance of targets reasonably believed to be outside the United States, such as the targeting procedures used, according to Rockefeller and Bond.

The legislation had the support of the White House. Even after the adoption of amendments that the director of National Intelligence opposed, the senators said they were confident it could keep the Bush administration's support with some technical modifications.

The bill could encounter resistance from the Judiciary Committee, which expects a referral, although no markup as been scheduled there yet.

Chairman Patrick J. Leahy, D-Vt., and ranking Republican Arlen Specter of Pennsylvania have said they would resist providing retroactive legal immunity to telecommunications companies without viewing legal documents related to the NSA program. Only the Senate Intelligence

panel has been granted access to those documents.

Leahy said early Thursday he feared that the White House was putting pressure on the Intelligence panel and that the committee "could cave on this." He said it appeared that the administration was lobbying so intensely "because they know that it was illegal conduct and that there is no saving grace for the president to say, 'Well, I was acting with authority.' "

Rockefeller, though, said, "The companies have made a very strong case." He said that "if not for these companies, there is no way we could conduct surveillance."

Reid and Majority Whip Richard J. Durbin, D-Ill., said they, too, wanted to see the documents. "I have to see what papers they've submitted," Reid said. "There may be justification for it. At this point, I don't know what that would be."

Even if both committees approve the bill, it must overcome Dodd's efforts to block floor consideration.

"I said that I would do everything I could to stop this bill from passing, and I have," Dodd said in a statement.

The House version of the bill (HR 3773) collapsed Wednesday when Republicans used a procedural tactic Democratic leaders could not overcome. House leaders vowed to bring it back next week.

Majority Leader Steny H. Hoyer, D-Md., said the bill would be in the exact same form. He disputed reports that it was pulled because Democrats lacked the votes to pass it.

"We think we have the votes," Hoyer said, adding he has spoken with Reid, "and, frankly, I think we are in agreement on how we're going to proceed."

The House bill does not provide retroactive legal immunity. It would allow the administration to apply for so-called "basket" warrants from the FISA court as a way of monitoring multiple targets at once, then would add layers of court and congressional oversight in an attempt to ensure that the civil liberties of U.S. citizens were not violated.

Republicans said the bill would place too many limitations on the intelligence community's attempts to monitor terrorist communications. The administration also opposes the House version, and President Bush has threatened to veto it.

*Kathleen Hunter and Bart Jansen contributed to this story.*

Source: **CQ Today**
*Round-the-clock coverage of news from Capitol Hill.*
© 2007 Congressional Quarterly Inc. All Rights Reserved.

EXHIBIT K



**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

August 31, 2007

**VIA FACSIMILE** — (703) 482-2144

Freedom of Information Act/Privacy Act Office
Office of the Director of National Intelligence
Washington, DC 20511

RE:    **Freedom of Information Act Request and Request for Expedited Processing**

Dear Sir or Madam:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Office of the Director of National Intelligence ("ODNI") on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

On August 5, 2007, President Bush signed into law the Protect America Act, legislation which amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's power to intercept communications without warrants, as well as shielded telecommunications companies from future liability for their role in such activity.

The day after signing the Protect America Act into law, President Bush indicated that the Administration intends to push for even more legal immunity for telecommunications companies:

> When Congress returns in September the Intelligence committees and leaders in both parties will need to complete work on the comprehensive reforms requested by Director [of National Intelligence] McConnell, including the important issue of providing meaningful liability protection to those who are alleged to have assisted our Nation following the attacks of September 11, 2001.

Signing Statement, *President Bush Commends Congress on Passage of Intelligence Legislation*, Aug. 6, 2007, *available at* http://www.whitehouse.gov/news/releases/ 2007/08/20070805.html.

In a recent interview, National Intelligence Director Mike McConnell described his efforts to convince members of Congress to grant immunity to telecommunications companies for their role in the government's surveillance activities. Among other things, he said:

> The issue that we did not address [in the Protect America Act], which has to be addressed is the liability protection for the private sector now is proscriptive, meaning going forward. We've got a retroactive problem. When I went through and briefed the various senators and congressmen, the issue was alright, look, we don't want to work that right now, it's too hard because we want to find out about

1875 Connecticut Ave., NW · Suite 650 · Washington, DC 20009
202 797 9009    202 797 9066    www.eff.org    information@eff.org

some issues of the past. So what I recommended to the administration is, 'Let's take that off the table for now and take it up when Congress reconvenes in September.'

Chris Roberts, *Transcript: Debate on the Foreign Intelligence Surveillance Act*, El Paso Times, Aug. 22, 2007.

We are seeking all agency records from April 2007 to the present concerning briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with representatives of telecommunications companies concerning amendments to FISA, including any discussion of immunizing such companies or holding them otherwise unaccountable for their role in government surveillance activities.

**Request for Expedited Processing**

This request warrants expedited processing because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity," and it is "made by a person primarily engaged in disseminating information." 32 C.F.R. § 1700.14(b)(2). The information we request easily satisfies this standard.

The federal government activity at issue here — ODNI communications with telecommunications companies concerning legal immunity for illegal surveillance — raises serious questions about ODNI's interests in revision of the FISA. Moreover, the Protect America Act includes a sunset provision that will require Congress to decide within six months whether to reauthorize the new legislation. This decisionmaking process will unquestionably include discussion about whether to expand the law further, as President Bush and Director McConnell have already indicated. Because Congress will imminently consider modifying FISA again, there is an urgency to inform the public about the lobbying forces advocating for reform of the law. The information we have requested will help the public and Congress fully participate in the looming debate over whether the government's authority to conduct electronic surveillance should be further expanded and facilitated by telecommunications companies.

The purpose of this request is to obtain information directly relevant to ODNI's communications with telecommunications companies about updating FISA to provide them retroactive legal immunity for illegal activities. There is an urgency to inform the public about the information we seek; therefore, this request clearly meets the standard for expedited processing set forth in ODNI regulations.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information."

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 32 C.F.R. § 1700.2(j)(3). In requesting this classification, we note that the Department of Homeland Security ("DHS") has

2

recognized that EFF qualifies as a "news media" requester based upon the publication activities set forth below (see DHS stipulation attached hereto). In addition, the National Security Agency ("NSA") has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing (see attached EFF FOIA request and NSA response, in which EFF requested expedited processing because it sought information "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity," and NSA granted the request). Furthermore, the Department of Justice recently granted expedited processing for a FOIA request nearly identical to this one (see EFF request and Justice Deparment letter granting expedited processing attached hereto). These precedents are particularly important in light of the fact that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[1] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[2] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, http://www.eff.org, which received 46,682,194 hits in July 2007 — an average of 62,744 per hour. The web site reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues.

EFF has regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at http://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (http://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues. DeepLinks had 510,633 hits in July 2007.[3]

In addition to reporting hi-tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at http://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

---

[1] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/ pqShowGsReport.do?npoId=561625 (last visited Aug. 8, 2007).

[2] *Id.*

[3] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

Most recently, EFF has begun broadcasting podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml. These podcasts were downloaded more than 2,600 times from EFF's web site last month.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 32 C.F.R. § 1700.7(b). To determine whether a request meets this standard, ODNI considers whether "[i]t is in the public interest to provide responsive records because the disclosure is likely to contribute significantly to the public understanding of the operations or activities of the United States Government and is not primarily in the commercial interest of the requester." 32 C.F.R. § 1700.7(b)(2). This request clearly satisfies these criteria.

First, ODNI's relationship with telecommunications companies concerns "the operations or activities of the government." Furthermore, ODNI's push to amend FISA unquestionably constitutes government operations or activities.

Second, the requested material will "contribute . . . to public understanding" of ODNI's efforts to modify FISA. EFF has requested information that will shed light on how ODNI is working to immunize telecommunications companies from liability for their role in conducting illegal surveillance, among other attempts to change the law. This information will contribute not only to EFF's understanding of how and why ODNI is lobbying for legal reform, but to the understanding of a reasonably broad audience of persons interested in the subject. EFF will make the information it obtains under the FOIA available to the public and the media through its web site and newsletter, which highlight developments concerning privacy and civil liberties issues, and/or other channels discussed more fully above.

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of ODNI's efforts to amend FISA to protect telecommunications companies.

4

Disclosure of the requested information will help inform the public about ODNI's efforts to reform the law and the interests behind them, as well as contribute to the public debate about whether FISA should be further modified.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. EFF is a 501(c)(3) nonprofit organization, and will derive no commercial benefit from the information at issue here.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Thank you for your consideration of this request. As the FOIA provides, we will anticipate your determination within ten (10) calendar days. 5 U.S.C. § 552(a)(6)(E)(ii)(I). Please be advised that, given the urgency of this matter, EFF intends to seek immediate judicial relief if a response to this request for expedition is not issued in a timely manner.

Sincerely,

Marcia Hofmann
Staff Attorney

Enclosures

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1988 (ESH) |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

## STIPULATED DISMISSAL OF PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff Electronic Frontier Foundation (EFF) and Defendant Department of Homeland

Security (DHS), by counsel, hereby stipulate and agree as follows:

1.    Defendant DHS has granted news media status to Plaintiff EFF based on the

representations contained in EFF's FOIA requests, which demonstrate that EFF is an "entity that

is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6).

Defendant DHS will continue to regard Plaintiff EFF as a "representative of the news media"

absent a change in circumstances that indicates that EFF is no longer an "entity that is organized

and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6).

2.    Accordingly, the parties herewith agree to the dismissal of Plaintiff EFF's Second

Cause of Action, related to EFF's status as a "representative of the news media."

3.    The parties further agree that each will pay its own fees and costs for work on the

dismissed claim.

SO STIPULATED AND AGREED this 27th day of February, 2007.

_/s/ David L. Sobel_
DAVID L. SOBEL
D.C. Bar 360418

MARCIA HOFMANN
D.C. Bar 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, D.C. 20009
(202) 797-9009

_Counsel for Plaintiff_


PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
D.C. Bar 418925
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

_/s/ John R. Coleman_
JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
(202) 514-4505

_Counsel for Defendant_

-2-



**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

January 23, 2007

**BY FACSIMILE — (301) 688-4762**

National Security Agency
ATTN: FOIA Office (DC34)
9800 Savage Road STE 6248
Ft. George G. Meade, MD 20755-6248

      RE:   Freedom of Information Act Request and
             Request for Expedited Processing

Dear Sir or Madam:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the National Security Agency on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

On January 9, 2007, the Washington Post reported:

> When Microsoft introduces its long-awaited Windows Vista operating system this month, it will have an unlikely partner to thank for making its flagship product safe and secure for millions of computer users across the world: the National Security Agency.
>
> For the first time, the giant software maker is acknowledging the help of the secretive agency, better known for eavesdropping on foreign officials and, more recently, U.S. citizens as part of the Bush administration's effort to combat terrorism. The agency said it has helped in the development of the security of Microsoft's new operating system -- the brains of a computer -- to protect it from worms, Trojan horses and other insidious computer attackers.

Alec Klein and Ellen Nakashima, "For Windows Vista Security, Microsoft Called in Pros," *Washington Post*, Jan. 9, 2007, at D01 (attached hereto).

We are seeking all agency records (including, but not limited to, electronic records) related to the NSA's review of and input on the configuration of the Microsoft Windows Vista operating system ("Vista").

**Request for Expedited Processing**

This request warrants expedited processing because it pertains to information that "is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity." 32 CFR § 286.4(d)(3)(ii). According to DOD regulations, information is "urgently needed" when it "has a particular value that will be lost if not disseminated quickly. Ordinarily this means a breaking news story of general public interest." 32 CFR § 286.4(d)(3)(ii)(A). The information we request easily satisfies this standard.

The government activity at issue here — the NSA's involvement in the configuration of Microsoft's latest operating system — raises serious questions about the Department of Defense's interest in Vista's development. Indeed, the NSA's involvement in the system's configuration has already attracted substantial media interest since the publication of the *Washington Post* story. Specifically, a Google News search for "Vista and 'National Security Agency'" returned 67 results from news outlets throughout the world since January 9, 2007 (see first page of Google News search results attached hereto).

Furthermore, the *Washington Post* reported that Microsoft plans to make Vista available to consumers on January 30, 2007, and the system will likely be used by more than 600 million computer users by 2010. Thus, the information we request is unquestionably the subject of a breaking news story of general public interest particularly in the days leading to the product launch.

The purpose of this request is to obtain information directly relevant to the NSA's involvement in Vista's development, which has attracted considerable interest from the press and public in the past several days. The information we request is the subject of a breaking news story of general public interest, and therefore clearly meets the standard for expedited processing set forth in DOD regulations.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information."

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 32 C.F.R. § 286.28(e)(7). In requesting this classification, we note that the Department of Homeland Security has recognized that EFF qualifies as a "news media" requester, based upon the publication activities set forth below (see DHS letter, attached hereto). We further note that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

2



**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 52276
6 February 2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
1875 Connecticut Avenue, NW
Suite 650
Washington, DC 20009

Dear Ms. Hofmann:

This is an initial response to your Freedom of Information Act (FOIA) request submitted via facsimile on 23 January 2007, which was received by this office on 24 January 2007, for all agency records (including, but not limited to, electronic records) related to the NSA's review of and input on the configuration of the Microsoft Windows Vista operating system ("Vista"). Your request has been assigned Case Number 52276.

As we began to process your request, we realized that the first page of the actual request was missing from your 18-page facsimile package. On 1 February 2007, a member of my staff contacted you to advise you of this fact. As a result, you submitted another facsimile of your original five-page request, which we received and have begun to process. There is certain information relating to this processing about which the FOIA and applicable Department of Defense (DoD) and NSA/CSS regulations require we inform you.

For purposes of this request and based on the information you provided in your letter, you are considered a representative of the media. Unless you qualify for a fee waiver or reduction, you must pay for duplication in excess of the first 100 pages. Your request for a fee waiver has been granted. In addition, please be advised your request for expedited treatment has been accepted. We are currently in the process of searching for responsive documents and will notify you of the status of your request as soon as that search has been completed.

Correspondence related to your request should include the case number assigned to your request, which is included in the first paragraph of this letter. Your letter should be addressed to National Security Agency, FOIA Office

FOIA Case:  52276

(DC34), 9800 Savage Road STE 6248, Ft. George G. Meade, MD  20755-6248
or may be sent by facsimile to 443-479-3612.  If sent by fax, it should be
marked for the attention of the FOIA office.  The telephone number of the FOIA
office is 301-688-6527.

Sincerely,

*Marianne Stypar*

PAMELA N. PHILLIPS
Chief
FOIA/PA Office


**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

August 16, 2007

**VIA FACSIMILE** — (202) 514-1009

Melanie Ann Pustay, Deputy Director
Office of Information and Privacy
Department of Justice
Suite 11,050
1425 New York Avenue, N.W.
Washington, DC 20530-0001

**RE:**    **Freedom of Information Act Request and Request for Expedited Processing**

Dear Ms. Pustay:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Department of Justice Office of Legislative Affairs on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

On August 5, 2007, President Bush signed into law the Protect America Act, legislation which amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's power to intercept communications without warrants, as well as shielded telecommunications companies from future liability for their role in such activity.

According to an article published by the *New York Times* the following day:

> [P]ressure from the telecommunications companies on the Bush administration has apparently played a major hidden role in the political battle over the surveillance issue over the past few months.
>
> In January, the administration placed the [National Security Agency]'s warrantless wiretapping program under the Foreign Intelligence Surveillance Act, and subjected it for the first time to the scrutiny of the FISA court.
>
> Democratic Congressional aides said Sunday that they believed that pressure from major telecommunications companies on the White House was a major factor in persuading the Bush administration to do that.

James Risen, Bush Signs Law to Widen Reach for Wiretapping, *NY Times*, Aug, 6, 2007.

Furthermore, the day after signing the Protect America Act into law, President Bush indicated that the Administration will push for even more legal immunity for telecommunications companies: "When Congress returns in September the Intelligence committees and leaders in

both parties will need to complete work on the comprehensive reforms requested by Director [of National Intelligence] McConnell, including the important issue of providing meaningful liability protection to those who are alleged to have assisted our Nation following the attacks of September 11, 2001." Signing Statement, *President Bush Commends Congress on Passage of Intelligence Legislation*, Aug. 6, 2007, *available at* http://www.whitehouse.gov/news/releases/ 2007/08/20070805.html.

We are seeking all records from December 2005 to the present concerning briefings, discussions, or other exchanges that Justice Department officials have had with offices of members of the Senate or House of Representatives concerning amendments to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities.

**Request for Expedited Processing**

This request warrants expedited processing because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and it is "made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). The information we request easily satisfies this standard.

The federal government activity at issue here — the DOJ's push to amend FISA to shield telecommunications companies from legal liability — raises serious questions about the interests behind revision of the law. Moreover, the Protect America Act includes a sunset provision that will require Congress to decide within six months whether to reauthorize the new legislation. This decisionmaking process will unquestionably include discussion about whether to expand the law further, as President Bush has already indicated. Because Congress will imminently consider modifying FISA again, there is an urgency to inform the public about the lobbying forces advocating for reform of the law. The information we have requested will help the public and Congress fully participate in the looming debate over whether the government's authority to conduct electronic surveillance should be further expanded and facilitated by telecommunications companies.

The purpose of this request is to obtain information directly relevant to the DOJ's communications with Congress about updating FISA to provide legal immunity to telecommunications companies. There is an urgency to inform the public about the information we seek; therefore, this request clearly meets the standard for expedited processing set forth in DOJ regulations.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information."

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 28 C.F.R. § 16.11(b)(6). In requesting this classification, we note that the Department of Homeland Security has recognized

2

that EFF qualifies as a "news media" requester based upon the publication activities set forth below (see DHS stipulation attached hereto). In addition, the NSA has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing (see attached EFF FOIA request and NSA response, in which EFF requested expedited processing because it sought information "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity," and NSA granted the request). We further note that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[1] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[2] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, http://www.eff.org, which received 46,682,194 hits in July 2007 — an average of 62,744 per hour. The web site reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues.

EFF has regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at http://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (http://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues. DeepLinks had 510,633 hits in July 2007.[3]

In addition to reporting hi-tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at http://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself*

---

[1] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/pqShowGsReport.do?npoId=561625 (last visited Aug. 8, 2007).
[2] *Id.*
[3] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

3

*Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

Most recently, EFF has begun broadcasting podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml. These podcasts were downloaded more than 2,600 times from EFF's web site last month.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11(k). To determine whether a request meets this standard, Department of Justice components determine whether "[d]isclosure of the requested information is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 28 C.F.R. §§ 16.11(k)(i), (ii). This request clearly satisfies these criteria.

First, the DOJ's communications with members of Congress concerns "the operations or activities of the government." 28 C.F.R. § 16.11(k)(2)(i). Furthermore, the DOJ's push to amend FISA unquestionably constitutes government operations or activities.

Second, disclosure of the requested information will "contribute to an understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (internal quotation marks omitted). EFF has requested information that will shed light on how the DOJ is lobbying to immunize telecommunications companies from liability for their role in conducting illegal surveillance.

Third, the requested material will "contribute to public understanding" of the DOJ's efforts to modify FISA. 28 C.F.R. § 16.11(k)(2)(iii) (internal quotation marks omitted). This information will contribute not only to EFF's understanding of the manner in which the DOJ is lobbying for legal reform, but to the understanding of a reasonably broad audience of persons interested in the subject. EFF will make the information it obtains under the FOIA available to the public and the media through its web site and newsletter, which highlight developments concerning privacy and civil liberties issues, and/or other channels discussed more fully above.

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of the DOJ's push to amend FISA to protect telecommunications companies. 28

4

C.F.R. § 16.11(k)(2)(iv) (internal quotation marks omitted). Disclosure of the requested information will help inform the public about the Justice Department's efforts to reform the law and the interests behind them, as well as contribute to the public debate about whether FISA should be further modified.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. 28 C.F.R. § 16.11(k)(3). EFF is a 501(c)(3) nonprofit organization, and will derive no commercial benefit from the information at issue here.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Thank you for your consideration of this request. As applicable Department regulations provide, we will anticipate your determination within ten (10) calendar days. 28 C.F.R. § 16.5(d)(1). Please be advised that, given the urgency of this matter, EFF intends to seek immediate judicial relief if a response to this request for expedition is not issued in a timely manner.

Sincerely,

Marcia Hofmann
Staff Attorney


Enclosures

5



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

                                                        AUG  2 7  2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
Suite 650                                  Re:    OLA/07-R0909
1875 Connecticut Avenue, NW                       OLA/07-R0910
Washington, DC 20009                              MLF:JNJ

Dear Ms. Hofmann:

       This is to acknowledge receipt of your two letters dated August 16, 2007, which were
received in this Office on August 17, 2007, in which you requested all records of
communications between the Department of Justice and Congress and between Justice and
telecommunications companies from December 2005 to the present concerning amendments to
the Foreign Intelligence Surveillance Act.  This response is made on behalf of the Office of
Legislative Affairs.

       I have determined that for purposes of these requests, it is appropriate to afford them
expedited processing.  At this time, your requests have been assigned to a FOIA Specialist in this
Office and a records search has been initiated in the Office of Legislative Affairs.

       We have not yet made a decision on your requests for fee waivers.  We will do so after
we determine whether fees will be assessed for these requests.

       If you have any questions or wish to discuss the processing of your requests, you may
contact Julie N. Johns, the analyst processing your requests, by telephone at the above number or
you may write to her at the above address.

                                   Sincerely,

                                   Carmen L. Mallon
                                   Chief of Staff

# EXHIBIT L

**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

August 31, 2007

**VIA FACSIMILE** — (703) 482-2144

Freedom of Information Act/Privacy Act Office
Office of the Director of National Intelligence
Washington, DC 20511

RE:    **Freedom of Information Act Request and Request for Expedited Processing**

Dear Sir or Madam:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Office of the Director of National Intelligence ("ODNI") on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

On August 5, 2007, President Bush signed into law the Protect America Act, legislation which amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's power to intercept communications without warrants, as well as shielded telecommunications companies from future liability for their role in such activity.

The day after signing the Protect America Act into law, President Bush indicated that the Administration intends to push for even more legal immunity for telecommunications companies:

> When Congress returns in September the Intelligence committees and leaders in both parties will need to complete work on the comprehensive reforms requested by Director [of National Intelligence] McConnell, including the important issue of providing meaningful liability protection to those who are alleged to have assisted our Nation following the attacks of September 11, 2001.

Signing Statement, *President Bush Commends Congress on Passage of Intelligence Legislation*, Aug. 6, 2007, *available at* http://www.whitehouse.gov/news/releases/ 2007/08/20070805.html.

In a recent interview, National Intelligence Director Mike McConnell described his efforts to convince members of Congress to grant immunity to telecommunications companies for their role in the government's surveillance activities. Among other things, he said:

> So from June until the [Protect America Act] was passed, I think I talked to probably 260 members, senators and congressmen. We submitted the bill in April, had an open hearing 1 May, we had a closed hearing in May, I don't remember the exact date. Chairman (U.S. Rep. Silvestre Reyes, D-Texas) had two hearings and I had a chance to brief the judiciary committee in the house, the intelligence

1875 Connecticut Ave., NW · Suite 650 · Washington, DC 20009
202 797 9009    202 797 9066    www.eff.org    information@eff.org

committee in the house and I just mentioned the Senate, did not brief the full judiciary committee in the Senate, but I did meet with Sen. (Patrick Leahy, D-Vt.) and Sen. (Arlen Specter, R-Pa.), and I did have an opportunity on the Senate side, they have a tradition there of every quarter they invite the director of national intelligence in to talk to them update them on topics of interest. And that happened in (June 27) . . . . The second question was on FISA, so it gave me an opportunity to, here I am worrying about this problem and I have 41 senators and I said several things. The current threat is increasing, I'm worried about it. Our capability is decreasing and let me explain the problem.

[        .        .        .        ]

The issue that we did not address [in the Protect America Act], which has to be addressed is the liability protection for the private sector now is proscriptive, meaning going forward. We've got a retroactive problem. When I went through and briefed the various senators and congressmen, the issue was alright, look, we don't want to work that right now, it's too hard because we want to find out about some issues of the past. So what I recommended to the administration is, 'Let's take that off the table for now and take it up when Congress reconvenes in September.'

Chris Roberts, *Transcript: Debate on the Foreign Intelligence Surveillance Act*, El Paso Times, Aug. 22, 2007.

We are seeking all agency records from April 2007 to the present concerning briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with members of the Senate or House of Representatives concerning amendments to FISA, including, but not limited to, any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities.

**Request for Expedited Processing**

This request warrants expedited processing because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity," and it is "made by a person primarily engaged in disseminating information." 32 C.F.R. § 1700.14(b)(2). The information we request easily satisfies this standard.

The federal government activity at issue here — ODNI's push to amend FISA to shield telecommunications companies from legal liability — raises serious questions about the interests behind revision of the law. Moreover, the Protect America Act includes a sunset provision that will require Congress to decide within six months whether to reauthorize the new legislation. This decisionmaking process will unquestionably include discussion about whether to expand the law further, as President Bush and Director McConnell have already indicated. Because Congress will imminently consider modifying FISA again, there is an urgency to inform the public about ODNI's efforts to reform the law. The information we have requested will help the public and Congress fully participate in the looming debate over whether the government's

2

authority to conduct electronic surveillance should be further expanded and facilitated by telecommunications companies.

The purpose of this request is to obtain information directly relevant to ODNI's communications with Congress about updating FISA to provide legal immunity to telecommunications companies, among other changes. There is an urgency to inform the public about the information we seek; therefore, this request clearly meets the standard for expedited processing set forth in ODNI regulations.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information."

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 32 C.F.R. § 1700.2(j)(3). In requesting this classification, we note that the Department of Homeland Security ("DHS") has recognized that EFF qualifies as a "news media" requester based upon the publication activities set forth below (see DHS stipulation attached hereto). In addition, the National Security Agency ("NSA") has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing (see attached EFF FOIA request and NSA response, in which EFF requested expedited processing because it sought information "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity," and NSA granted the request). Furthermore, the Department of Justice recently granted expedited processing for a FOIA request nearly identical to this one (see EFF request and Justice Deparment letter granting expedited processing attached hereto). These precedents are particularly important in light of the fact that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[1] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[2] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, http://www.eff.org, which received 46,682,194 hits in July 2007 — an average of 62,744 per hour. The web site reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues.

---

[1] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/pqShowGsReport.do?npoId=561625 (last visited Aug. 8, 2007).
[2] *Id.*

EFF has regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at http://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (http://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues. DeepLinks had 510,633 hits in July 2007.[3]

In addition to reporting hi-tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at http://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

Most recently, EFF has begun broadcasting podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml. These podcasts were downloaded more than 2,600 times from EFF's web site last month.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 32 C.F.R. § 1700.7(b). To determine whether a request meets this standard, ODNI considers whether "[i]t is in the public interest to provide responsive records because the disclosure is likely to contribute significantly to the public understanding of the operations or activities of the United States Government and is not primarily in the commercial interest of the requester." 32 C.F.R. § 1700.7(b)(2). This request clearly satisfies these criteria.

---

[3] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

First, ODNI's communications with members of Congress concern "the operations or activities of the government," and ODNI's push to amend FISA also unquestionably constitutes government operations or activities.

Second, the requested material will "contribute . . . to public understanding" of ODNI's efforts to modify FISA. EFF has requested information that will shed light on how ODNI is working to immunize telecommunications companies from liability for their role in conducting illegal surveillance, among other attempts to change the law. This information will contribute not only to EFF's understanding of the manner in which ODNI is lobbying for legal reform, but to the understanding of a reasonably broad audience of persons interested in the subject. EFF will make the information it obtains under the FOIA available to the public and the media through its web site and newsletter, which highlight developments concerning privacy and civil liberties issues, and/or other channels discussed more fully above.

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of ODNI's efforts to amend FISA to protect telecommunications companies. Disclosure of the requested information will help inform the public about ODNI's efforts to reform the law and the interests behind them, as well as contribute to the public debate about whether FISA should be further modified.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. EFF is a 501(c)(3) nonprofit organization, and will derive no commercial benefit from the information at issue here.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Thank you for your consideration of this request. As the FOIA provides, we will anticipate your determination within ten (10) calendar days. 5 U.S.C. § 552(a)(6)(E)(ii)(I). Please be advised that, given the urgency of this matter, EFF intends to seek immediate judicial relief if a response to this request for expedition is not issued in a timely manner.

Sincerely,

Marcia Hofmann
Staff Attorney

Enclosures

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER FOUNDATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  06-1988 (ESH) |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

### STIPULATED DISMISSAL OF PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff Electronic Frontier Foundation (EFF) and Defendant Department of Homeland Security (DHS), by counsel, hereby stipulate and agree as follows:

1.    Defendant DHS has granted news media status to Plaintiff EFF based on the representations contained in EFF's FOIA requests, which demonstrate that EFF is an "entity that is organized and operated to publish or broadcast news to the public." 6 C.F.R. § 5.11(b)(6). Defendant DHS will continue to regard Plaintiff EFF as a "representative of the news media" absent a change in circumstances that indicates that EFF is no longer an "entity that is organized and operated to publish or broadcast news to the public."  6 C.F.R. § 5.11(b)(6).

2.    Accordingly, the parties herewith agree to the dismissal of Plaintiff EFF's Second Cause of Action, related to EFF's status as a "representative of the news media."

3.    The parties further agree that each will pay its own fees and costs for work on the dismissed claim.

SO STIPULATED AND AGREED this 27th day of February, 2007.

_/s/ David L. Sobel_

DAVID L. SOBEL
D.C. Bar 360418

MARCIA HOFMANN
D.C. Bar 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, D.C. 20009
(202) 797-9009

*Counsel for Plaintiff*

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
D.C. Bar 418925
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

_/s/ John R. Coleman_

JOHN R. COLEMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6118
Washington, D.C. 20530
(202) 514-4505

*Counsel for Defendant*

-2-


**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

January 23, 2007

**BY FACSIMILE — (301) 688-4762**

National Security Agency
ATTN: FOIA Office (DC34)
9800 Savage Road STE 6248
Ft. George G. Meade, MD 20755-6248

> RE:   <u>Freedom of Information Act Request and
> Request for Expedited Processing</u>

Dear Sir or Madam:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the National Security Agency on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

On January 9, 2007, the Washington Post reported:

> When Microsoft introduces its long-awaited Windows Vista operating system this month, it will have an unlikely partner to thank for making its flagship product safe and secure for millions of computer users across the world: the National Security Agency.
>
> For the first time, the giant software maker is acknowledging the help of the secretive agency, better known for eavesdropping on foreign officials and, more recently, U.S. citizens as part of the Bush administration's effort to combat terrorism. The agency said it has helped in the development of the security of Microsoft's new operating system -- the brains of a computer -- to protect it from worms, Trojan horses and other insidious computer attackers.

Alec Klein and Ellen Nakashima, "For Windows Vista Security, Microsoft Called in Pros," *Washington Post*, Jan. 9, 2007, at D01 (attached hereto).

We are seeking all agency records (including, but not limited to, electronic records) related to the NSA's review of and input on the configuration of the Microsoft Windows Vista operating system ("Vista").

---

**Request for Expedited Processing**

This request warrants expedited processing because it pertains to information that "is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity." 32 CFR § 286.4(d)(3)(ii). According to DOD regulations, information is "urgently needed" when it "has a particular value that will be lost if not disseminated quickly. Ordinarily this means a breaking news story of general public interest." 32 CFR § 286.4(d)(3)(ii)(A). The information we request easily satisfies this standard.

The government activity at issue here — the NSA's involvement in the configuration of Microsoft's latest operating system — raises serious questions about the Department of Defense's interest in Vista's development. Indeed, the NSA's involvement in the system's configuration has already attracted substantial media interest since the publication of the *Washington Post* story. Specifically, a Google News search for "Vista and 'National Security Agency'" returned 67 results from news outlets throughout the world since January 9, 2007 (see first page of Google News search results attached hereto).

Furthermore, the *Washington Post* reported that Microsoft plans to make Vista available to consumers on January 30, 2007, and the system will likely be used by more than 600 million computer users by 2010. Thus, the information we request is unquestionably the subject of a breaking news story of general public interest particularly in the days leading to the product launch.

The purpose of this request is to obtain information directly relevant to the NSA's involvement in Vista's development, which has attracted considerable interest from the press and public in the past several days. The information we request is the subject of a breaking news story of general public interest, and therefore clearly meets the standard for expedited processing set forth in DOD regulations.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information."

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 32 C.F.R. § 286.28(e)(7). In requesting this classification, we note that the Department of Homeland Security has recognized that EFF qualifies as a "news media" requester, based upon the publication activities set forth below (see DHS letter, attached hereto). We further note that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).



**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case:  52276
6 February 2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
1875 Connecticut Avenue, NW
Suite 650
Washington, DC  20009

Dear Ms. Hofmann:

This is an initial response to your Freedom of Information Act (FOIA) request submitted via facsimile on 23 January 2007, which was received by this office on 24 January 2007, for all agency records (including, but not limited to, electronic records) related to the NSA's review of and input on the configuration of the Microsoft Windows Vista operating system ("Vista").  Your request has been assigned Case Number 52276.

As we began to process your request, we realized that the first page of the actual request was missing from your 18-page facsimile package.  On 1 February 2007, a member of my staff contacted you to advise you of this fact. As a result, you submitted another facsimile of your original five-page request, which we received and have begun to process.  There is certain information relating to this processing about which the FOIA and applicable Department of Defense (DoD) and NSA/CSS regulations require we inform you.

For purposes of this request and based on the information you provided in your letter, you are considered a representative of the media.  Unless you qualify for a fee waiver or reduction, you must pay for duplication in excess of the first 100 pages.  Your request for a fee waiver has been granted.  In addition, please be advised your request for expedited treatment has been accepted.  We are currently in the process of searching for responsive documents and will notify you of the status of your request as soon as that search has been completed.

Correspondence related to your request should include the case number assigned to your request, which is included in the first paragraph of this letter. Your letter should be addressed to National Security Agency, FOIA Office

FOIA Case:  52276

(DC34), 9800 Savage Road STE 6248, Ft. George G. Meade, MD  20755-6248
or may be sent by facsimile to 443-479-3612.  If sent by fax, it should be
marked for the attention of the FOIA office.  The telephone number of the FOIA
office is 301-688-6527.

Sincerely,

*Marianne Stysar*
for

PAMELA N. PHILLIPS
Chief
FOIA/PA Office



**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

August 16, 2007

**VIA FACSIMILE — (202) 514-1009**

Melanie Ann Pustay, Deputy Director
Office of Information and Privacy
Department of Justice
Suite 11,050
1425 New York Avenue, N.W.
Washington, DC 20530-0001

**RE:**    <u>**Freedom of Information Act Request and Request for Expedited Processing**</u>

Dear Ms. Pustay:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Department of Justice Office of Legislative Affairs on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

On August 5, 2007, President Bush signed into law the Protect America Act, legislation which amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's power to intercept communications without warrants, as well as shielded telecommunications companies from future liability for their role in such activity.

According to an article published by the *New York Times* the following day:

> [P]ressure from the telecommunications companies on the Bush administration has apparently played a major hidden role in the political battle over the surveillance issue over the past few months.

> In January, the administration placed the [National Security Agency]'s warrantless wiretapping program under the Foreign Intelligence Surveillance Act, and subjected it for the first time to the scrutiny of the FISA court.

> Democratic Congressional aides said Sunday that they believed that pressure from major telecommunications companies on the White House was a major factor in persuading the Bush administration to do that.

James Risen, Bush Signs Law to Widen Reach for Wiretapping, *NY Times*, Aug, 6, 2007.

Furthermore, the day after signing the Protect America Act into law, President Bush indicated that the Administration will push for even more legal immunity for telecommunications companies: "When Congress returns in September the Intelligence committees and leaders in

both parties will need to complete work on the comprehensive reforms requested by Director [of National Intelligence] McConnell, including the important issue of providing meaningful liability protection to those who are alleged to have assisted our Nation following the attacks of September 11, 2001." Signing Statement, *President Bush Commends Congress on Passage of Intelligence Legislation*, Aug. 6, 2007, *available at* http://www.whitehouse.gov/news/releases/ 2007/08/20070805.html.

We are seeking all records from December 2005 to the present concerning briefings, discussions, or other exchanges that Justice Department officials have had with offices of members of the Senate or House of Representatives concerning amendments to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities.

**Request for Expedited Processing**

This request warrants expedited processing because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and it is "made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). The information we request easily satisfies this standard.

The federal government activity at issue here — the DOJ's push to amend FISA to shield telecommunications companies from legal liability — raises serious questions about the interests behind revision of the law. Moreover, the Protect America Act includes a sunset provision that will require Congress to decide within six months whether to reauthorize the new legislation. This decisionmaking process will unquestionably include discussion about whether to expand the law further, as President Bush has already indicated. Because Congress will imminently consider modifying FISA again, there is an urgency to inform the public about the lobbying forces advocating for reform of the law. The information we have requested will help the public and Congress fully participate in the looming debate over whether the government's authority to conduct electronic surveillance should be further expanded and facilitated by telecommunications companies.

The purpose of this request is to obtain information directly relevant to the DOJ's communications with Congress about updating FISA to provide legal immunity to telecommunications companies. There is an urgency to inform the public about the information we seek; therefore, this request clearly meets the standard for expedited processing set forth in DOJ regulations.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information."

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 28 C.F.R. § 16.11(b)(6). In requesting this classification, we note that the Department of Homeland Security has recognized

2

that EFF qualifies as a "news media" requester based upon the publication activities set forth below (see DHS stipulation attached hereto). In addition, the NSA has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing (see attached EFF FOIA request and NSA response, in which EFF requested expedited processing because it sought information "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity," and NSA granted the request). We further note that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[1] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[2] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, http://www.eff.org, which received 46,682,194 hits in July 2007 — an average of 62,744 per hour. The web site reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues.

EFF has regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at http://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (http://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues. DeepLinks had 510,633 hits in July 2007.[3]

In addition to reporting hi-tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at http://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself*

---

[1] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/
pqShowGsReport.do?npoId=561625 (last visited Aug. 8, 2007).
[2] *Id.*
[3] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

*Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

Most recently, EFF has begun broadcasting podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml. These podcasts were downloaded more than 2,600 times from EFF's web site last month.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

**Request for a Public Interest Fee Waiver**

EFF is entitled to a waiver of duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11(k). To determine whether a request meets this standard, Department of Justice components determine whether "[d]isclosure of the requested information is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 28 C.F.R. §§ 16.11(k)(i), (ii). This request clearly satisfies these criteria.

First, the DOJ's communications with members of Congress concerns "the operations or activities of the government." 28 C.F.R. § 16.11(k)(2)(i). Furthermore, the DOJ's push to amend FISA unquestionably constitutes government operations or activities.

Second, disclosure of the requested information will "contribute to an understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (internal quotation marks omitted). EFF has requested information that will shed light on how the DOJ is lobbying to immunize telecommunications companies from liability for their role in conducting illegal surveillance.

Third, the requested material will "contribute to public understanding" of the DOJ's efforts to modify FISA. 28 C.F.R. § 16.11(k)(2)(iii) (internal quotation marks omitted). This information will contribute not only to EFF's understanding of the manner in which the DOJ is lobbying for legal reform, but to the understanding of a reasonably broad audience of persons interested in the subject. EFF will make the information it obtains under the FOIA available to the public and the media through its web site and newsletter, which highlight developments concerning privacy and civil liberties issues, and/or other channels discussed more fully above.

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of the DOJ's push to amend FISA to protect telecommunications companies. 28

4

C.F.R. § 16.11(k)(2)(iv) (internal quotation marks omitted). Disclosure of the requested information will help inform the public about the Justice Department's efforts to reform the law and the interests behind them, as well as contribute to the public debate about whether FISA should be further modified.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. 28 C.F.R. § 16.11(k)(3). EFF is a 501(c)(3) nonprofit organization, and will derive no commercial benefit from the information at issue here.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

Thank you for your consideration of this request. As applicable Department regulations provide, we will anticipate your determination within ten (10) calendar days. 28 C.F.R. § 16.5(d)(1). Please be advised that, given the urgency of this matter, EFF intends to seek immediate judicial relief if a response to this request for expedition is not issued in a timely manner.

Sincerely,

Marcia Hofmann
Staff Attorney

Enclosures

5



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

AUG 27 2007

Ms. Marcia Hofmann
Electronic Frontier Foundation
Suite 650                                Re:    OLA/07-R0909
1875 Connecticut Avenue, NW                     OLA/07-R0910
Washington, DC 20009                            MLF:JNJ

Dear Ms. Hofmann:

        This is to acknowledge receipt of your two letters dated August 16, 2007, which were
received in this Office on August 17, 2007, in which you requested all records of
communications between the Department of Justice and Congress and between Justice and
telecommunications companies from December 2005 to the present concerning amendments to
the Foreign Intelligence Surveillance Act.  This response is made on behalf of the Office of
Legislative Affairs.

        I have determined that for purposes of these requests, it is appropriate to afford them
expedited processing.  At this time, your requests have been assigned to a FOIA Specialist in this
Office and a records search has been initiated in the Office of Legislative Affairs.

        We have not yet made a decision on your requests for fee waivers.  We will do so after
we determine whether fees will be assessed for these requests.

        If you have any questions or wish to discuss the processing of your requests, you may
contact Julie N. Johns, the analyst processing your requests, by telephone at the above number or
you may write to her at the above address.

                            Sincerely,

                            Carmen L. Mallon
                            Chief of Staff