David L. Sobel *(pro hac vice pending)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Kurt Opsahl (SBN 191303)
*kurt@eff.org*
Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x116
Facsimile: (415) 436-9993


Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>Defendant. | NO. C 07-5278 EMC<br><br>**DECLARATION OF MARCIA HOFMANN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Courtroom: |

1. I am an attorney of record for Plaintiff Electronic Frontier Foundation ("EFF") in this matter and a member in good standing of the California State Bar, and am admitted to practice before this Court. I have personal knowledge of the matters stated in this declaration. If called

-1-

1. upon to do so, I am competent to testify to all matters set forth herein.

2. This declaration is submitted in support of EFF's Application for an Order Shortening Time to have its Motion for a Preliminary Injunction heard by this Court on November 20, 2007, or as soon thereafter as possible.

3. In this Freedom of Information Act ("FOIA") action, EFF seeks records from the Office of the Director of National Intelligence ("ODNI") related to efforts by the agency and telecommunications companies to lobby for changes to the Foreign Intelligence Surveillance Act ("FISA"), particularly to ensure that telecommunications carriers will not be held accountable for their participation in an unlawful electronic surveillance program conducted by the government. This lawsuit seeks to compel ODNI to process the requested records expeditiously under the FOIA because they involve a matter about which there is an "urgency to inform the public about actual or alleged Federal Government activity," and they are sought by "a person primarily engaged in disseminating information." ODNI has conceded that EFF's FOIA requests satisfy this statutory standard, and are legally entitled to expedited processing. Notwithstanding ODNI's purported decision to expedite the processing of EFF's FOIA requests, however, the agency has to date neither completed the processing of EFF's requests, nor informed EFF of an anticipated date for the completion of the processing of the requests.

4. A hearing before this Court on shortened time is necessary because two pieces of legislation recently introduced in Congress may imminently amend the FISA: the RESTORE Act of 2007, H.R. 3773, and the Foreign Intelligence Surveillance Act of 1978 Amendments Act of 2007, S. 2248. The Senate bill, which was introduced and approved on October 18, 2007 by the Senate Select Committee on Intelligence, purports to require dismissal of any state or federal lawsuit against a carrier for facilitation of government surveillance if the Attorney General certifies to the court that the company was assisting in certain intelligence activity authorized by the President. Senate Majority Leader Harry Reid has publicly indicated that he expects the bill to reach the Senate floor by mid-November. The legislative process is unpredictable, and the Senate bill may be delayed for a variety of reasons. However, we anticipate that Congress will make a

final decision on the proposed legislation—including the immunity provision—extremely soon, as it is intended to replace the Protect America Act of 2007, Pub. L. No. 110-55, 121 Stat. 552, which will expire in February 2008 in the absence of congressional action.

5.   A hearing on shortened time is necessary also because EFF's repeated efforts to negotiate a production schedule with ODNI have been unsuccessful.  On October 22, 2007, I phoned Andrew I. Warden, Trial Attorney at the Department of Justice, and informed him that EFF had filed the complaint in this matter on October 17, 2007.  Mr. Warden is counsel in a similar but unrelated lawsuit between EFF and the Department of Justice currently pending in the District Court for the District of Columbia, *Electronic Frontier Foundation v. Dep't of Justice*, No. 07-1732 (D.D.C. filed Sept. 27, 2007).  Mr. Warden told me that he anticipated that he would be counsel for Defendant in this action and had obtained a copy of the October 17, 2007 complaint.

6.   During this conversation, I told Mr. Warden that EFF wanted to explore the possibility of negotiating a processing schedule for EFF's FOIA requests to eliminate the need for further action in this case.  I explained, however, that legislation had been introduced and approved on October 18, 2007 in the Senate Select Committee on Intelligence that was closely related to the subject matter of the records underlying this case.  I told Mr. Warden that this development has significantly increased the urgency for the public to obtain the records sought from ODNI, and that EFF would consider seeking preliminary injunctive relief in the absence of an agreement to process EFF's requests in a timely manner.  Mr. Warden told me he would consult with his client.

7.   On October 24, 2007, Leticia Perez, Legal Secretary for EFF, served copies of the complaint, summonses, and orders of this Court via certified mail on Defendant ODNI, as well as the United States Attorney General and United States Attorney for the Northern District of California, as required by Fed. R. Civ. P. 4(i)(1)(a)-(c).  United States Postal Service records indicate that United States Attorney General and United States Attorney for the Northern District of California have accepted the service mailings, though Defendant ODNI's package has not yet been delivered.  *See* Proof of Service Decl. of Marcia Hofmann and exhibits thereto.

8.   On October 25, 2007, I sent Mr. Warden an email reiterating EFF's willingness to

discuss a mutually agreeable production schedule for its FOIA requests. In light of the legislation pending in the Senate, however, I told Mr. Warden that EFF intended to seek preliminary relief in this case if the parties could not reach an agreement on the processing of EFF's requests by Monday, October 29, 2007. I received no response to this email.

9. On October 26, 2007, I conferred with Mr. Warden by phone and informed him of my intention to move for a preliminary injunction and to seek an order for shortened time to hear the motion if EFF and ODNI had not reached an agreement by Monday, October 29, 2007. During that conversation, Mr. Warden did not agree to a hearing of the Motion for Preliminary Injunction on the expedited schedule proposed by EFF, and that ODNI would decide whether to oppose the Application for Order Shortening Time after it had an opportunity to evaluate the underlying motion. Mr. Warden also said that ODNI intends to decline to proceed before Magistrate Judge Chen and request reassignment of the case to an Article III judge. I have had no further discussions with Mr. Warden.

10. Attached is a proposed order granting this application. EFF respectfully requests that the Court set the following expedited briefing and hearing schedule: ODNI's Opposition to EFF's Motion for a Preliminary Injunction will be filed no later than November 9, 2007; EFF's Reply to ODNI's Opposition to EFF's Motion for a Preliminary Injunction will be filed no later than November 14, 2007; and the Court's hearing on EFF's Motion for a Preliminary Injunction will be held November 21, 2007, at 10:30 a.m. This proposal is based on Magistrate Judge Chen's civil calendar. We anticipate that this case will be reassigned to an Article III judge based on Defendant's stated unwillingness to consent to a magistrate. If so, we would like a hearing date on November 20, 2007 or as soon thereafter as is practicable on the assigned judge's calendar.

11. The parties have sought no previous time modifications in the case, either by stipulation or Court order.

12. The undersigned hereby certifies that the application for an order shortening time is made in good faith and for just cause.

1
2   I declare under penalty of perjury of the laws of the State of California that the foregoing is
3   true and correct to the best of my knowledge and belief. Executed October 29, 2007 in San
4   Francisco, California.
5
6                                             By    /s/
                                                 Marcia Hofmann (SBN 250087)
                                                 ELECTRONIC FRONTIER FOUNDATION
7                                                454 Shotwell Street
                                                 San Francisco, CA 94110
8                                                Telephone:   (415) 436-9333 x116
                                                 Facsimile:   (415) 436-9993
9                                                marcia@eff.org

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5-
DECL. OF MARCIA HOFMANN
IN SUPP. OF PL.'S APP. TO SHORTEN TIME

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2007, I electronically filed the foregoing DECLARATION OF MARCIA HOFMANN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF system which will send e-mail notification of such filing, and I hereby certify that I will mail the foregoing document or paper on October 29, 2007, via express delivery service for guaranteed delivery on the next business day to the following non-CM/ECF participant:

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

By _____/s/_____
Marcia Hofmann (SBN 250087)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333 x116
Facsimile:    (415) 436-9993
marcia@eff.org