# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION<br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br>Defendant. | Civil Action No. 07-5278 |

### DECLARATION OF JOHN F. HACKETT

Pursuant to 28 U.S.C. § 1746, I, John F. Hackett, declare the following to be true and correct:

1. I am the Director of the Information Management Office (IMO) for the Office of the Director of National Intelligence ("ODNI"). In this capacity I am the final decision-making authority for the IMO which receives, processes, and responds to requests for ODNI records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2. I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

3. By facsimile dated August 31, 2007, plaintiff Electronic Frontier Foundation submitted two FOIA requests to ODNI for records concerning 1) briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with representatives of telecommunications companies concerning amendments to FISA, including any discussion of immunizing such companies or holding them otherwise unaccountable for their role in government surveillance activities; and 2) briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with members of the Senate or House of Representatives concerning amendments to FISA, including, but not limited to, any discussion of

1

immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities.[1] ODNI received the requests on September 4, 2007. (Copies of plaintiff's initial request letters are attached as Exhibits K & L to the Declaration of Marcia Hofmann, filed in support of plaintiff's motion for preliminary injunction.)

4. In its initial FOIA request letters, plaintiff requested expedited processing based on assertions that there is "an urgency to inform the public about an actual or alleged Federal Government activity" and that the requests are being "made by a person primarily engaged in disseminating information." By letters dated September 11, 2007, ODNI acknowledged receipt of plaintiff's FOIA requests and granted expedited processing. ODNI advised plaintiff that its requests would be processed as soon as practicable, as required by the FOIA. (Copies of ODNI's September 11, 2007 letters are attached as Exhibits M & N to the Declaration of Marcia Hofmann, filed in support of plaintiff's motion for preliminary injunction.)

### Processing and Current Status of Plaintiff's Requests

5. Plaintiffs requests were received and logged in as the 79th and 80th FOIA requests of the reporting year. As soon as the decision was made to expedite plaintiff's requests they were given priority status and moved to the front of the FOIA request queue. Plaintiff's requests were the first ever granted expedited processing by the ODNI, and are the only expedited requests in the IMO. As such they are being processed ahead of the other forty-two FOIA requests currently pending.

6. Upon granting expedited processing, the IMO began to coordinate within the ODNI how the requests should be handled, including where searches should be performed within the ODNI. The IMO has determined that searches should be performed in a number of Offices

---

[1] Both of plaintiffs requests seek information pertaining to, among other things, "any discussion of immunizing such companies or holding them otherwise unaccountable for their role in government surveillance activities." Nothing in this declaration should be construed to confirm or deny any role that telecommunications companies may or may not have in any government surveillance activities.

2

within the ODNI, including, but not limited to, the Office of the Director and his staff, the Office of General Counsel and the Office of Legislative Affairs. The IMO has also determined that individuals reasonably likely to have responsive materials should search their electronic and paper files and advise the IMO if they maintain any responsive records. In those instances where responsive records are located, they are forwarded to the IMO for processing.

7. The individuals asked to search for records responsive to this FOIA request also work on significant mission-related matters relating to the national security of the United States. These ODNI officials and employees are required to stop this critical work in order to perform the necessary searches for this case and all of them are doing so as soon as practicable.

8. As of today, most of the searches for responsive material have been completed and the IMO is currently processing the material located thus far. As records are located and forwarded to the IMO, the FOIA analyst handling this case conducts a continual analysis and review of the documents located. During this review process the analyst handling this case first removes any non-responsive and duplicative material from the records that are received. She then creates working copies of the documents and document indexes and assesses whether there would be any necessary consultations and/or referrals with those entities maintaining equity in the documents. She also reviews the records for the application of any FOIA exemptions.

9. As a result of the IMO's comprehensive review of the documents located, approximately 250 pages of unclassified material and approximately sixty-five pages of classified material have been identified so far.

10. The existence of any classified materials contributes significantly to the complexities attendant to processing a FOIA request. Responsive documents that may contain classified information must undergo an additional, and time-sensitive, review to ensure that all documents are appropriately classified in accordance with Executive Order 12958, as amended. Such

3

review also includes a page-by-page and line-by-line review of the documents to determine which, if any, FOIA exemptions may apply. In light of the sensitive nature of classified information, potentially responsive material must then be reviewed by any appropriate entities with equities in the documents to ensure that no processing errors have been made and that no improper disclosures are made.

11. In addition, some of the responsive material is so highly classified that it is in a classification compartment that is extremely sensitive. Only a small number of ODNI officials are able to access this material and it must be handled under special security procedures, which also contributes to the complexity of processing this FOIA request.

12. At this time we are focusing primarily on processing the unclassified material as soon as practicable. This requires consultations with those offices that have equities in the material, determining which records must be referred to other agencies if any, and determining whether any FOIA exemptions apply. We anticipate being able to provide plaintiffs with an interim response for this request by November 30 and with a final response by December 31, 2007.

13. Plaintiffs request that ODNI complete processing both requests within ten days is simply not practicable. ODNI is devoting significant resources and effort to processing plaintiffs requests as soon as practicable. As discussed above, ODNI anticipates being able to provide plaintiff with an interim response no later than November 30 and a final response by December 31, 2007. Given the complexity of these requests and the sensitivity of some of the material this is an ambitious schedule that will require ODNI's very small FOIA staff to work almost

exclusively on these cases between now and the end of the year.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 9th day of November, 2007.

*John F. Hackett*

John F. Hackett
Director, Information Management Office