David L. Sobel *(pro hac vice)*
sobel@eff.org
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Kurt Opsahl (SBN 191303)
*kurt@eff.org*
Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x116
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, <br><br> Defendant. | NO. 3:07-CV-5278-SI <br><br> **REPLY BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> Judge: The Hon. Susan Illston <br> Date: November 30, 2007 <br> Time: 9:00 a.m. <br> Courtroom: Courtroom 10, 19th Floor |

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................. 1

   I.   THE COURTS HAVE CONSISTENTLY RECOGNIZED THAT PRELIMINARY INJUNCTIONS ARE APPROPRIATE IN FOIA CASES............................................................................................. 1

   II.   ODNI'S DELAY IN PROCESSING EFF'S "EXPEDITED" FOIA REQUESTS VIOLATES THE STATUTE ................................................................................................................................. 4

   III.   EFF WILL SUFFER IRREPARABLE INJURY IN THE ABSENCE OF PRELIMINARY RELIEF ........... 8

**CONCLUSION** ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*ACLU v. Dep't of Defense*, 339 F.Supp.2d 501 (S.D.N.Y. 2004) ...................................................... 3

*ACLU v. Dep't of Justice*, 321 F.Supp.2d 24 (D.D.C. 2004) ...................................................... 8, 10

*Aguilera v. FBI*, 941 F.Supp. 144 (D.D.C. 1996) ........................................................................ 1, 3

*Al-Fayed v. CIA*, 2000 WL 34342564 (D.D.C. 2000) ...................................................................... 3

*Assassination Archives & Research Ctr. v. CIA*, 1988 U.S. Dist. LEXIS 18606 (D.D.C. Sept. 29, 1988) ................................................................................................................................................ 3

*Cleaver v. Kelley*, 427 F.Supp. 80 (D.D.C. 1976) ........................................................................ 1, 3

*Electronic Frontier Foundation v. Dep't of Justice*, slip op., 06-CV-1773 (RBW) (D.D.C. Sept. 27, 2007) ............................................................................................................................................. 4

*Electronic Privacy Information Center v. Dep't of Justice ("EPIC")*, 416 F.Supp.2d 30 (D.D.C. 2006) ........................................................................................................................................ passim

*Exner v. Federal Bureau of Investigation*, 542 F.2d 1121 (9th Cir. 1976) ...................................... 5

*Fiduccia v. Dep't of Justice*, 185 F.3d 1035 (9th Cir. 1999) ..................................................... 7, 10

*Gerstein v. CIA*, No. C-06-4643 MMC, 2006 U.S. Dist. LEXIS 89847 (N.D. Cal. Nov. 29, 2006) ... ............................................................................................................................................................ 8, 9

*Gilmore v. National Sec. Agency*, No. C-92-3646 THE, 1993 U.S. Dist. LEXIS 7694 (N.D. Cal. May 3, 1993) ................................................................................................................................ 5, 7

*Judicial Watch v. U.S. Dep't of Justice*, slip op., No. 00-1396 (D.D.C., June 27, 2000) ............... 3, 4

*Leadership Conference on Civil Rights v. Gonzales*, 404 F.Supp.2d 246 (D.D.C. 2005) ............. 8, 9

*Natural Resources Defense Council v. Department of Energy*, 191 F. Supp. 2d 41 (D.D.C. 2002) 10

*Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) ......... 4, 5, 7

*Payne Enterprises v. United States*, 837 F.2d 486 (D.C. Cir. 1988) ................................................ 4

*Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974) ................................................. 4

**Statutes**

5 U.S.C. § 552(a)(6)(A)(i) ................................................................................................................. 4

5 U.S.C. § 552(a)(6)(C)(i) ................................................................................................................. 4

5 U.S.C. § 552(a)(6)(E)(v)(II) ........................................................................................................... 2

ii

3:07-CV-5278-SI     REPLY BRIEF IN SUPPORT OF PL.'S MOT. FOR PRELIM. INJ.

**INTRODUCTION**

Plaintiff Electronic Frontier Foundation ("EFF") initiated this action on October 17, 2007, and moved for entry of a preliminary injunction on October 29, 2007, seeking an order requiring Defendant Office of the Director of National Intelligence ("ODNI") to disclose information relevant to a pending and time-sensitive Congressional debate within ten days.

ODNI filed an opposition on November 9, 2007; the agency opposes the motion on the grounds that 1) a preliminary injunction is not an appropriate vehicle for the relief EFF seeks; 2) the Freedom of Information Act ("FOIA") does not mandate any specific time frame for the processing of an "expedited" request; and 3) no harm will result if the agency is permitted to process the documents on its own schedule, without the Court's intervention. EFF respectfully submits this reply to address those contentions.

**I.    The Courts have Consistently Recognized that Preliminary Injunctions are Appropriate in FOIA Cases**

Defendant ODNI incorrectly asserts that motions for preliminary relief in FOIA cases are "generally inappropriate" and that "[a] number of courts have denied requests for preliminary injunctive relief for claims brought under the FOIA . . . ." Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction ("Def. Opp.") at 7-8. To the contrary, federal courts have long entertained and, when appropriate, granted requests for preliminary relief in FOIA cases. For instance, in *Cleaver v. Kelley*, 427 F.Supp. 80 (D.D.C. 1976), the court issued a preliminary injunction requiring, within 21 days, the production of all documents responsive to a FOIA request and the filing of an index detailing and justifying any withholdings. The injunction was predicated upon the court's finding of an "exceptional and urgent need" for disclosure of the requested information. *Id*. at 81-82. Likewise, in *Aguilera v. FBI*, 941 F.Supp. 144 (D.D.C. 1996), the court granted plaintiff's motion for a preliminary injunction and ordered the agency to "comply with plaintiff's FOIA requests" and file a *Vaughn* index within 30 days. As in *Cleaver*, the injunction was based upon a finding of "exceptional and urgent need" for disclosure. *Id*. at 152.[1]

---

[1] Both *Cleaver* and *Aguilera* were decided before Congress enacted the 1996 FOIA amendments and created the statutory right to expedited processing at issue in this case. In *American Civil Liberties Union v. DOD*, 339 F.Supp.2d 501, 503 (S.D.N.Y. 2004), decided subsequent to those

1

The most comprehensive consideration of preliminary relief in circumstances similar to those present here was in *Electronic Privacy Information Center v. Dep't of Justice ("EPIC")*, 416 F.Supp.2d 30 (D.D.C. 2006), a case that Defendant cannot overcome simply by describing as "arguably erroneous[]," Def. Opp. at 7 n.4, and "wrongly decided," *id.* at 14. Indeed, the government is attempting to relitigate the *EPIC* case here, regurgitating the precise arguments that were considered – and rejected – by the district court in the District of Columbia less than two years ago.[2]

In *EPIC*, the Justice Department administratively granted a request for expedited FOIA processing upon a finding that, *inter alia*, the request satisfied the same statutory standard at issue in this case – the request concerned a matter about which there is an "urgency to inform the public about an actual or alleged Federal Government activity," and was made by "a person primarily engaged in disseminating information." *EPIC,* 416 F.Supp.2d at 34 (quoting 5 U.S.C. § 552(a)(6)(E)(v)(II)). As in this case, despite its decision to grant "expedited processing," the agency had "neither completed the processing of EPIC's FOIA requests nor informed EPIC of an anticipated date for the completion of the processing" and the requester moved for a preliminary injunction. *Id.* at 34-35. In an argument that ODNI repeats *verbatim* in this case, DOJ "question[ed] the propriety of EPIC seeking preliminary injunctive relief," and "accuse[d] EPIC of using the motion for a preliminary injunction, which according to the DOJ seeks 'a version of the ultimate relief' in the case, as a litigation tactic 'to artificially accelerate the proceedings in this case.'" *Id.* at 35; *see also* Def. Opp. at 2-3 (EFF attempts "to artificially accelerate the proceedings in this case" and motion seeks "a version of ultimate relief").

Citing the same settled authority that EFF relies upon here, the court rejected the

---

amendments, the court noted that it had previously heard "argument on plaintiffs' preliminary injunction motion," rejected the government's argument that the processing issue was moot because the defendant agencies were responding "as soon as practicable," and "held that jurisdiction was proper."

[2] This Court last year relied upon the *EPIC* decision, and quoted it approvingly, in *Gerstein v. CIA*, No. C-06-4643 MMC, 2006 U.S. Dist. LEXIS 89883 (N.D. Cal. Nov. 29, 2006) ("*Gerstein I*"), where the Court granted a "motion to compel" the processing of a FOIA request within 30 days.

government's argument:

> DOJ's argument that EPIC acts improperly in seeking a preliminary injunction is unavailing. On numerous occasions, federal courts have entertained motions for a preliminary injunction in FOIA cases and, when appropriate, have granted such motions. *See ACLU v. Dep't of Defense*, 339 F.Supp.2d 501, 503 (S.D.N.Y. 2004) (granting preliminary injunction motion in FOIA case and requiring production within one month); *Aguilera v. FBI*, 941 F.Supp. 144, 152-53 (D.D.C. 1996) (granting preliminary injunction in FOIA case and requiring expedited processing to be completed within approximately one month); *Cleaver v. Kelley*, 427 F.Supp. 80, 81-82 (D.D.C. 1976) (granting preliminary injunction in FOIA case and requiring expedited processing to be completed within approximately twenty days); *see also Al-Fayed v. CIA*, 2000 U.S. Dist. LEXIS 21476, at *19-20 (D.D.C. Sept. 20, 2000) (denying preliminary injunction in FOIA case after conducting four-part analysis); *Assassination Archives & Research Ctr. v. CIA*, 1988 U.S. Dist. LEXIS 18606, at *1-3 (D.D.C. Sept. 29, 1988) (same).

*EPIC,* 416 F.Supp.2d at 35 (footnote omitted).[3]

Even in those cases where applications for preliminary injunctions seeking expedited processing of FOIA requests were *denied*, the courts have never suggested, as Defendant implies, that such relief is somehow improper. ODNI cites several cases in which reviewing courts merely determined that the specific facts before them did not warrant expedited processing. Def. Opp. at 7, n.4; *see, e.g., Assassination Archives and Research Ctr. v. CIA*, No. 88-2600, 1988 U.S. Dist. LEXIS 18606 (D.D.C., Sept. 29, 1988) (denying preliminary injunction motion after conducting four-part analysis); *Al-Fayed v. CIA*, 2000 WL 34342564 (D.D.C. 2000) (same).[4] In *Judicial Watch v. U.S. Dep't of Justice*, slip op., No. 00-1396 (D.D.C., June 27, 2000), the plaintiff "did not

---

[3] In addition to asserting that *EPIC* was "wrongly decided," ODNI notes that "the preliminary injunction entered in that case was later modified upon reconsideration, following a submission by the government regarding its processing capacity." Def. Opp. at 14 (citation omitted). The modification of the injunction's dictates (*i.e.*, granting more time) in no way diminishes the fact that the court, in keeping with long established precedent, found preliminary relief to be appropriate. Indeed, the government concedes that the modification was based upon an agency "submission . . . regarding its processing capacity" in conformance with the *EPIC* court's holding that the "presumption of agency delay raised by failing to respond to an expedited request within twenty days" can be rebutted if the agency meets its burden of presenting "credible evidence that disclosure within such time period is truly not practicable." *EPIC,* 416 F.Supp. 2d at 39 (footnote omitted). Here, as we discuss *infra*, ODNI has not even attempted to meet that burden.

[4] Indeed, the D.C. Circuit, in its only discussion of the FOIA expedited processing provision, itself applied the preliminary injunction standard in affirming the district court decision in the *Al-Fayed* case. *Al-Fayed v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001) (court conducted merits review of "whether plaintiffs are entitled to a preliminary injunction").

make . . . a request" for expedited processing under the statutory standard at issue here. *Id*. at 2. In any event, the court recognized that "Congress wished to reserve the role of the courts for . . . occasions . . . when plaintiff can show a genuine need and reason for urgency in gaining access to Government records . . . ." *Id*. at 1, quoting *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615-616 (D.C. Cir. 1976) (internal quotation marks omitted).

Finally, ODNI cites the recent decision in *Electronic Frontier Foundation v. Dep't of Justice*, slip op., 06-CV-1773 (RBW) (D.D.C. Sept. 27, 2007) (attached to Def. Opp. as Exhibit 3) in support of its suggestion that preliminary relief is somehow inappropriate. Def. Opp. at 8. In fact, the court followed *EPIC*, conducted a preliminary injunction analysis, and concluded that "the agency has effectively rebutted the presumption of delay by providing a detailed explanation as to why the time period prescribed by the FOIA could not be met," as required by *EPIC*. *See* slip op. at 5.

While ODNI suggests that the range of judicial remedies in FOIA cases is somehow limited, there is no such restriction. As the D.C. Circuit has noted, "[t]he FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974). "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses." *Id*., 837 F.2d at 494 (citation omitted). An exercise of that duty is all that EFF requests here.

## II.     ODNI's Delay in Processing EFF's "Expedited" FOIA Requests Violates the Statute

The government mistakenly asserts that the FOIA "does not require agencies to process expedited requests within a specific time limit." Def. Opp. at 9-10. Such a conclusion would require the Court to ignore both the plain language of the statute and the manner in which it has been construed for more than 30 years.

ODNI reads the expedited processing provision of the statute in isolation, divorcing it from the generally-applicable 20-day processing time limit contained in 5 U.S.C. § 552(a)(6)(A)(i), and the provisions of 5 U.S.C. § 552(a)(6)(C)(i), which states:

> Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, *the court may retain jurisdiction and allow the agency additional time* to complete its review of the records.

(emphasis added). In *Open America*, 547 F.2d at 616, the D.C. Circuit construed the provision

> to mean that "exceptional circumstances exist" when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.

*See also Exner v. Federal Bureau of Investigation*, 542 F.2d 1121 (9th Cir. 1976); *Gilmore v. National Sec. Agency*, No. C-92-3646 THE, 1993 U.S. Dist. LEXIS 7694, at *34 (N.D. Cal. May 3, 1993) (*Exner* adopted a "limited version of the holding in *Open America* allow[ing] an agency to claim 'exceptional circumstances' where it is faced with an unforeseen and unforeseeable increase in the number of FOIA requests").

The statute and relevant caselaw thus provide that standard, non-expedited requests must be processed within 20 days; that judicial supervision of the FOIA process is appropriate immediately upon the expiration of that time limit; and that an agency may be granted "additional time" only when it can show, *inter alia*, that it "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress." It defies logic to conclude, as ODNI would apparently have it, that a request entitled to *expedited* processing somehow imposes *less* of a burden on a recalcitrant agency. As the court found in *EPIC*,

> Congress could not have intended to create the absurd situation wherein standard FOIA requests must be processed within twenty days (unless the agency can show that exceptional circumstances exist for a delay), yet expedited requests empower an agency to unilaterally decide to exceed the standard twenty-day period.

*EPIC,* 416 F.Supp.2d at 38.[5] The court thus held that:

---

[5] ODNI makes much of the fact that the legislative history indicates that Congress' intent was "not to require that [expedited] requests be processed within . . . [a] specific period of time." Def. Opp. at 10 (citation omitted). As the *EPIC* court noted, however, "[t]he legislative history of the amendments makes clear that, although Congress opted not to impose a specific deadline on agencies processing expedited requests, its intent was to 'give the request priority for processing *more quickly than otherwise would occur.*'" *EPIC,* 416 F.Supp.2d at 38 (citation omitted; emphasis in original).

an agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request "as soon as practicable." That is, a *prima facie* showing of agency delay exists when an agency fails to process an expedited FOIA request within the time limit applicable to standard FOIA requests.

The presumption of agency delay raised by failing to respond to an expedited request within twenty days is certainly rebuttable if the agency presents credible evidence that disclosure within such time period is truly not practicable.

*Id*. at 39 (footnote omitted). *See also Gerstein I*, 2006 U.S. Dist. LEXIS 89883, at *9-*10 (this Court adopts *EPIC* analysis).

Here, ODNI does not even attempt to meet that burden.[6] The agency merely asserts that "it is simply not practicable" to complete the processing of EFF's requests (submitted on August 31, 2007) prior to December 31, 2007. Def. Opp. at 13. In support of that assertion, the agency vaguely cites "the existence of classified materials, which . . . contributes significantly to the complexities attendant to processing a FOIA request," and the routine fact that "documents subject to other exemptions . . . must similarly be identified and, where necessary, redacted, and documents generated by other agencies or authorities must be referred for review back to those same agencies or authorities." *Id*. at 12 (citations omitted). The agency does not identify the number of employees it has assigned to process the requests, or provide the Court with any other specific information that might explain why it will require *four months* to process "approximately 250 pages of unclassified material and approximately sixty-five pages of classified material" identified as responsive to the FOIA requests. *Id*. at 6.

ODNI's position here is strikingly similar to DOJ's in *EPIC*, where the court noted that the agency was "content to rest on its unsupported allegations that delay is necessary because EPIC's requests are 'broad' and involve classified documents." *EPIC,* 416 F. Supp. 2d at 40 (citation omitted). Finding that such "vague assertions, unsupported by credible evidence, are insufficient to demonstrate that further delay is currently necessitated," the court noted that "courts often find that one to two months is sufficient time for an agency to process broad FOIA requests that may

---

[6] While arguing that *EPIC* was "wrongly decided," the agency does not even mention the "credible evidence" standard in its opposition, let alone explain why an agency should not to required to make such a showing.

involve classified or exempt material." *Id.* (citations omitted).[7]

In *Gilmore*, this Court considered – and rejected – similar agency claims in the context of an *Open America* enlargement of processing time sought by the National Security Agency. In asserting "exceptional circumstances," the agency claimed that "the highly complex and technical nature of the information dealt with by NSA, and the extreme sensitivity of much of that information necessarily delay the processing of FOIA requests." *Gilmore,* 1993 U.S. Dist. LEXIS 7694 at *36. Noting that "it does not appear that those are acceptable grounds for delay under FOIA," the Court emphasized that "[n]o special exception [from the statutory time limits] was created for any agency, including the NSA and *other intelligence agencies that face its particular problems*." *Id.* at *36-*37 (emphasis added).

Finally, we note that the Ninth Circuit has unequivocally held that agency "difficulties" of the kind ODNI cites here may not be invoked to justify FOIA processing delays:

> Though FOIA doubtless poses practical difficulties for federal agencies, federal agencies can educate Congress on the practical problems they have, and attempt to persuade Congress to change the law or provide additional funds to achieve compliance. So long as the Freedom of Information Act is the law, we cannot repeal it by a construction that vitiates any practical utility it may have.
> . . . It may be that agency heads, such as the Attorney General in this case, can be forced by the Freedom of Information Act to divert staff from programs they think more valuable to Freedom of Information Act compliance . . . . But these policy concerns are legislative, not judicial, and we intimate no views on them. Congress wrote a tough statute on agency delay in FOIA compliance, and recently made it tougher.

*Fiduccia v. Dep't of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999). The "tough statute" that Congress enacted clearly does not countenance a four-month delay in the processing of 315 pages of material responsive to "expedited" FOIA requests. ODNI is in violation of the law and has failed to demonstrate an entitlement to any more time than it has already had.

---

[7] By no stretch of the imagination can EFF's requests be characterized as "broad." The *EPIC* court cited judicial orders requiring "agencies to process over 6000 pages of material within 60 days," and "the 'vast majority' of the processing of 7500 pages to be completed within 32 days." *Id.* (citations omitted). The 315 pages of responsive material at issue here pales in comparison.

### III.  EFF Will Suffer Irreparable Injury in the Absence of Preliminary Relief

As we noted in our opening memorandum, "[c]ourts have recognized that the requisite injury is present, and preliminary injunctive relief is appropriate, in cases [where] expedited FOIA processing is at issue and where time thus is of the essence, because delay 'constitutes a cognizable harm.'"  Motion for Preliminary Injunction ("Pl. Mot.") at 14 (Dkt. No. 6), quoting *Gerstein I*, 2006 U.S. Dist. LEXIS 89883, at *15.  We further noted that this Court and others have explicitly stated that the pendency of legislation related to the subject of a FOIA request weighs in favor of a grant of expedited processing.  Pl. Mot. at 16; *see Gerstein v. CIA*, No. C-06-4643 MMC, 2006 U.S. Dist. LEXIS 89847, at *20 (N.D. Cal. Nov. 29, 2006) ("*Gerstein II*") (granting expedited processing where court noted that "there is a significant recognized interest in enhancing public debate on potential legislative action"); *see also Leadership Conference on Civil Rights v. Gonzales*, 404 F.Supp.2d 246, 260 (D.D.C. 2005); *ACLU v. Dep't of Justice*, 321 F.Supp.2d 24, 31 (D.D.C. 2004).

In the face of this clear authority, ODNI argues that EFF has failed to show the requisite injury because "at this stage plaintiff does not know, and certainly has not established, whether its request will produce any responsive, non-exempt documents that will contribute to th[e] debate" on the pending foreign intelligence surveillance legislation.  Def. Opp. at 16.  First of all, ODNI has now acknowledged that "[a]s a result of [its] comprehensive search and review process," documents responsive to EFF's requests "have been identified."  Def. Opp. at 6.  As for the question of whether ODNI will ultimately disclose "non-exempt" material, even a decision to *withhold* all of the responsive documents would influence consideration of the pending legislation.

EFF seeks access to information "vital to the current and ongoing debate surrounding whether, and how, foreign intelligence surveillance law should be amended, especially with regard to providing legal immunity to telecommunications carriers for their past participation in unlawful government surveillance operations." Declaration of Marcia Hofmann in Support of Motion for Preliminary Injunction ("Hofmann Decl."), ¶ 19 (Dkt. 7). Key members of Congress have indicated that they are less likely to support a grant of such immunity if the Executive Branch refuses to disclose relevant information.  For example, on May 21, 2007, Sens. Patrick J. Leahy and Arlen

Specter (Chairman and Ranking Member of the Senate Judiciary Committee, respectively) wrote to the Attorney General to reiterate the Committee's longstanding requests for various documents concerning foreign intelligence surveillance. Declaration of David Sobel, Exhibit A. The Senators noted that the Committee is considering legislation relating to surveillance activities, and that the requested information is "critical" to the legislative process:

> [T]he Administration has offered a legislative proposal that it contends seeks to "modernize" the Foreign Intelligence Surveillance Act (FISA). As you know, the Judiciary Committee has historically overseen changes to FISA and it is this Committee's responsibility to review the Administration's proposal with great care. The draft legislation would make dramatic and far-reaching changes to a critical national security authority. *Before we can even begin to consider any such legislative proposal, we must be given appropriate access to the information necessary to carry out our oversight and legislative duties.*

*Id*. at 2 (emphasis added). More recently, on October 22, 2007, Sens. Leahy and Specter wrote to the Counsel to the President and reiterated their unwillingness "to consider immunity" if the Administration was not more forthcoming with relevant information.

> If the Administration wants our support for immunity [from liability for communications carriers], it should comply with the [Committee's] subpoenas, provide the information, and justify its request. As we have both said, it is wrongheaded to ask Senators to consider immunity without their being informed about the legal justifications purportedly excusing the conduct being immunized. Although the two of us have been briefed on certain aspects of the President's program, this cannot substitute for access to the documents and legal analysis needed to inform the legislative decisions of the Committee as a whole.

Declaration of David Sobel, Exhibit B at 1. It is thus clear that a decision by ODNI to withhold the requested information while the legislation is still pending would, in and of itself, be a "meaningful [albeit perverse] contribution to the ongoing public debate," *Gerstein II*, 2006 U.S. Dist. LEXIS 89847, at *21 (internal quotation marks omitted), and render some members of Congress less inclined to support a grant of immunity.

Finally, ODNI argues that "[e]ven with respect to any non-exempt documents that may be released [after Congress acts], plaintiff's ability to inform the public about the subject matter of its FOIA requests will not be precluded altogether, but merely postponed." Def. Opp. at 17. The government's assertion flies in the face of the rationale adopted by this Court in *Gerstein* and by other courts that have recognized that the value of requested information will diminish after a legislative debate has concluded. *See*, *e.g.*, *Leadership Conference on Civil Rights v. Gonzales*,

404 F.Supp.2d 246, 260 (D.D.C. 2005) ("FOIA requests could have vital impact on development of the substantive record in favor of reauthorizing or making permanent the special provisions of the Voting Rights Act"); *ACLU v. Dep't of Justice*, 321 F.Supp.2d at 30 ("a principle aim of plaintiff's FOIA request is to provide information for the ongoing national debate about whether Congress should renew Section 215 and other Patriot Act surveillance provisions before they expire"). As the Ninth Circuit has recognized, "[t]he value of information is partly a function of time," *Fiduccia*, 185 F.3d at 1041, and delay in the processing of FOIA requests "may well result in disclosing the relevant documents after the need for them in the formulation of national . . . policy has been overtaken by events." *Natural Resources Defense Council v. Department of Energy*, 191 F. Supp. 2d 41, 43 (D.D.C. 2002).[8] While ODNI blithely contends that the usefulness of the requested information will be "merely postponed" by further processing delays, the relevant precedent recognizes that its value will, in fact, be lost.[9]

---

[8] Debate in Congress on immunity for telecommunications companies is ongoing and intense. Last week, Dow Jones reported that the "Senate Judiciary Committee Thursday deferred a vote on controversial legislation underpinning the government's warrantless wiretapping program until next week. … Given that after next week, lawmakers retire for the Thanksgiving break, this could push a determination on the immunity issue until at least December." Corey Boles and John Godfrey, *US Lawmakers Defer FISA Legislation Vote For A Week*, Dow Jones Newswires, November 8, 2007, available online at http://money.cnn.com/news/newsfeeds/articles/djf500/200711081241 DOWJONESDJONLINE000975_FORTUNE5.htm.
    On Thursday, November 15, 2007, the Senate Judiciary Committee held its mark-up session, and reported a bill without retroactive immunity, leaving that decision to the full Senate. Pamela Hess, *House OKs Surveillance Oversight Bill*, Associated Press, November 15, 2007, available online at http://ap.google.com/article/ALeqM5hJKgeE0Z-SivATjok-utYBdh9wDwD8SU FI800. On the same day, the House of Representatives passed the RESTORE Act, H. R. 3773. *Id.* Today, the Dow Jones Newswire reported the Senate plans to act on the FISA bill when it returns from the Thanksgiving break on December 3, as "one of the few measures the Senate deals with" in its two-week December session. *See* John Godfrey and Corey Boles, *US Senate To Take Up Wiretapping Bill In December - Aide*, Dow Jones Newswire, November 16, 2007, available online at http://money.cnn.com/news/newsfeeds/articles/djf500/200711161401DOWJONESDJONLINE 000751_FORTUNE5.htm.
    It is thus imperative that the requested documents are available to be part of this debate, and therefore ODNI's proposed December 31, 2007 release date, Def. Opp. at 6, appears designed to keep the requested documents from contributing to the critical portion of the debate that will occur in November and December.

[9] ODNI's final argument is that issuance of a preliminary injunction would not serve the public interest because it "has the potential to complicate and disrupt the processing of other FOIA requests." Def. Opp. at 19 (citation omitted). If, however, as the agency claims, EFF's FOIA requests have been "moved to the front of the FOIA queue" and "are currently being processed ahead of [all other] pending FOIA requests," *id.* at 5, it is difficult to understand how the hastened

**CONCLUSION**

When EFF submitted its FOIA requests to ODNI on August 31, 2007, it asserted that there was "an urgency to inform the public" about the requested information because "Congress will imminently consider modifying FISA" and such information "will help the public and Congress fully participate in the looming debate over whether the government's authority to conduct electronic surveillance should be further expanded and facilitated by telecommunications companies." Exhibits K & L (attached to Hofmann Decl.). ODNI granted EFF's request for expediting processing, thus acknowledging the "urgency to inform the public" and the relevance of the requested information to the "looming debate" in Congress. With the legislative debate now underway, the agency asserts that it will be *four months* from the date of the requests – until December 31, 2007 – before it will be able to complete the processing of *315 pages* of material responsive to EFF's "expedited" requests.

The need for injunctive relief is clear. For the reasons stated above, EFF respectfully requests that its motion for a preliminary injunction be granted.

DATED: November 16, 2007

By _____/s/_____
David L. Sobel *(pro hac vice)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Tel: (202) 797-9009 x104/Fax: (202) 707-9066

Kurt Opsahl (SBN 191303)
*kurt@eff.org*
Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333 x116/Fax: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

---

completion of the processing of EFF's requests would work to the detriment of other requesters. If anything, faster processing of EFF's requests will allow the agency to return to the processing of the other pending requests more quickly.