# EXHIBIT A


PATRICK J. LEAHY, VERMONT, CHAIRMAN

EDWARD M. KENNEDY, MASSACHUSETTS  ARLEN SPECTER, PENNSYLVANIA
JOSEPH R. BIDEN, JR., DELAWARE     ORRIN G. HATCH, UTAH
HERB KOHL, WISCONSIN                CHARLES E. GRASSLEY, IOWA
DIANNE FEINSTEIN, CALIFORNIA        JON KYL, ARIZONA
RUSSELL D. FEINGOLD, WISCONSIN      JEFF SESSIONS, ALABAMA
CHARLES E. SCHUMER, NEW YORK        LINDSEY O. GRAHAM, SOUTH CAROLINA
RICHARD J. DURBIN, ILLINOIS         JOHN CORNYN, TEXAS
BENJAMIN L. CARDIN, MARYLAND        SAM BROWNBACK, KANSAS
SHELDON WHITEHOUSE, RHODE ISLAND    TOM COBURN, OKLAHOMA

BRUCE A. COHEN, *Chief Counsel and Staff Director*
MICHAEL O'NEILL, *Republican Chief Counsel and Staff Director*

United States Senate

COMMITTEE ON THE JUDICIARY
WASHINGTON, DC 20510–6275

May 21, 2007

The Honorable Alberto Gonzales
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Dear Attorney General Gonzalez:

Last week we heard dramatic and deeply troubling testimony from former Deputy Attorney General Comey. He testified that in March 2004, when he was Acting Attorney General, he informed the White House that the Department of Justice had concluded an ongoing classified surveillance program had "no legal basis" and would not certify it. He then described how you, then Counsel to the President, and former White House Chief of Staff Andrew Card arrived at the hospital bedside of an extremely ill Attorney General Ashcroft and attempted to persuade him to certify the program. When you failed, because Mr. Ashcroft refused, Mr. Comey testified that the program was nonetheless certified over the objections of the Department of Justice. That apparently prompted a number of high-ranking Justice officials to consider resigning en masse.

This incident obviously raises very serious questions about your personal behavior and commitment to the rule of law. Mr. Comey's testimony also demonstrates vividly how essential it is that this Committee understands the legal underpinnings of the surveillance program that was the subject of that incident, and how the legal justification evolved over time. The stonewalling by you and the Administration must end. The Committee on the Judiciary is charged with overseeing and legislating on constitutional protections, civil and criminal justice, civil liberties, and the Judiciary, all subjects that this matter impacts. We intend to do our job.

This Committee has made no fewer than eight formal requests over the past 18 months – to the White House, the Attorney General, or other Department of Justice officials – seeking documents and information related to this surveillance program. These requests have sought the Executive Branch legal analysis of this program and documents reflecting its authorization by the President. You have rebuffed all requests for documents and your answers to our questions have been wholly inadequate and, at times, misleading.

The Honorable Alberto Gonzales
May 21, 2007
Page 2 of 3

We note also that the Administration has offered a legislative proposal that it contends seeks to "modernize" the Foreign Intelligence Surveillance Act (FISA). As you know, the Judiciary Committee has historically overseen changes to FISA and it is this Committee's responsibility to review the Administration's proposal with great care. The draft legislation would make dramatic and far-reaching changes to a critical national security authority. Before we can even begin to consider any such legislative proposal, we must be given appropriate access to the information necessary to carry out our oversight and legislative duties.

This Administration has asserted that it established its program of warrantless wiretapping by the NSA because it deemed FISA's requirements to be incompatible with the needs of the intelligence community in fighting terrorism. You testified in January that the warrantless wiretapping program had been terminated and that henceforth surveillance would be conducted pursuant to authorization from the FISA Court. To consider any changes to FISA, it is critical that this Committee understand how the Department and the FISA Court have interpreted FISA and the perceived flaws that led the Administration to operate a warrantless surveillance program outside of FISA's provisions for over five years.

Your consistent stonewalling and misdirection have prevented this Committee from carrying out its constitutional oversight and legislative duties for far too long. We understand that much of the information we seek may currently be classified, but that can be no excuse for failing to provide relevant information to all members of this Committee and select, cleared staff. We will, of course, handle it with the greatest care and consistent with security requirements.

Therefore, we reiterate our requests for the following documents and ask that you provide them to this Committee no later than June 5, 2007:

1) Please provide all documents that reflect the President's authorization and reauthorization of the warrantless electronic surveillance program that you have called the Terrorist Surveillance Program, including any predecessor programs, from 2001 to the present;

2) Please provide all memoranda or other documents containing analysis or opinions from the Department of Justice, the National Security Agency, the Department of Defense, the White House, or any other entity within the Executive Branch on legality of or legal basis for the warrantless electronic surveillance program, including documents that describe why the desired surveillance would not or could not take place consistent with the requirements and procedures of FISA from 2001 to the present;

The Honorable Alberto Gonzales
May 21, 2007
Page 3 of 3

3) Please provide all documents reflecting communications with the Foreign Intelligence Surveillance Court (FISC) about the warrantless electronic surveillance program or the types of surveillance that previously were conducted as part of that program, that contain legal analysis, arguments, or decisions concerning the interpretation of FISA, the Fourth Amendment, the Authorization for the Use of Military Force, or the President's authority under Article II of the Constitution, including the January 2007 FISC orders to which you refer in your January 17, 2007 letter to us and all other opinions or orders of the FISA court with respect to this surveillance;

4) If you do not consider the surveillance program that was the subject of discussion during the hospital visit and other events that former Deputy Attorney General James Comey described in his May 15, 2007 testimony before the Senate Judiciary Committee to be covered by the requests made above, please provide all documents described in those requests relevant to that program, as well.

We emphasize that we are seeking the legal justifications and analysis underlying these matters and not the specific operational details or information obtained by the surveillance.

Sincerely,

PATRICK LEAHY
Chairman

ARLEN SPECTER
Ranking Member