JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6120
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendant Office of the
Director of National Intelligence*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Civil Action No. 3:07-5278 (SI) |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF** |
| v. | |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, | |
| Defendant. | |

Defendant, the Office of the Director of National Intelligence, by and through undersigned counsel, hereby answers plaintiff's complaint in the above-captioned matter as follows:

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiff's complaint because defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### Third Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

### Fourth Affirmative Defense

Defendant denies each and every allegation contained in the complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the complaint, defendant admits, denies, or otherwise responds as follows:

1. The allegations contained in first two sentences of this paragraph consist of plaintiff's characterization of its complaint, to which no response by defendant is required. To the extent a response is deemed required, defendant admits that this action arises under the FOIA and that the Office of the Director of National Intelligence is the named defendant, but denies the remainder of the allegations contained in these sentences. The third and fourth sentences of this paragraph consist of plaintiff's conclusions of law and characterization of the nature of plaintiff's action, to which no response is required. To the extent a response is deemed required, defendant denies the allegations.

2. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Admitted.

4. The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the Court's jurisdiction, to which no response from defendant is required. To the extent a response is deemed required, the allegations are denied.

5. The allegations contained in this paragraph consist of legal conclusions regarding the venue of this action, to which no response from defendant is required. To the extent a response is deemed required, the allegations are denied.

6. The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the Court's jurisdiction, to which no response from defendant is required. To the extent a response is deemed required, the allegations are denied.

7. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required. To the extent a response is deemed required, with respect to the allegations contained in the first sentence, this sentence quotes a portion of a December 15, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents. With respect to the allegations in the second sentence, defendant admits that, in a radio address made on December 17, 2005, the President of the United States described certain activities of the NSA which he authorized following the terrorist attacks of September 11, 2001. The Court is respectfully referred to the transcript of that radio address, available at http://www.whitehouse.gov/news/releases/2005/12/20051217.html, for a full and accurate description of the President's statement.

8. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required. To the extent a response is deemed required, this paragraph quotes a portion of a December 24, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

9. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required.

1  To the extent a response is deemed required, this paragraph quotes a portion of a February 6,
2  2006 article in USA TODAY, to which the Court is respectfully referred for a full and accurate
3  statement of its contents.

4      10.    The allegations contained in this paragraph constitute plaintiff's characterization
5  of various lawsuits related to certain activities of the NSA following the terrorist attacks of
6  September 11, 2001, to which no response by defendant is required.  To the extent a response is
7  deemed required, defendant admits that various lawsuits have been filed throughout the United
8  States related to certain activities of the NSA, but denies plaintiff's characterization of these
9  lawsuits.

10     11.    The allegations contained in this paragraph constitute plaintiff's
11  characterization of the Protect America Act of 2007, to which no response by defendant is
12  required.  To the extent a response is deemed required, defendant denies plaintiff's
13  characterization of the Act except to admit that the President of the United States signed the
14  Protect America Act of 2007 into law on August 5, 2007.  The Court is respectfully referred to
15  the Act for a full and accurate statement of its contents.  *See* Protect America Act of 2007, Pub.
16  L. No. 110-55, 121 Stat. 552.

17     12.    The allegations contained in this paragraph constitute plaintiff's characterization
18  of matters contained in published news reports, to which no response by defendant is required.
19  To the extent a response is deemed required, this paragraph quotes a portion of a August 5, 2007
20  article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate
21  statement of its contents.

22     13.    The allegations contained in this paragraph constitute plaintiff's characterization
23  of a public statement by the President of the United States concerning the Protect America Act of
24  2007, to which no response by defendant is required.  To the extent a response is deemed
25  required, the Court is respectfully referred to the entire statement for a full and accurate
26  statement of its contents.  *See*
27  http://www.whitehouse.gov/news/releases/2007/08/20070805.html.
28     14.    The allegations contained in this paragraph constitute plaintiff's characterization

1 of matters contained in published news reports, to which no response by defendant is required. To the extent a response is deemed required, this paragraph quotes a portion of a August 22, 2007 article in the EL PASO TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

15. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendant is required. To the extent a response is deemed required, this paragraph quotes a portion of a September 20, 2007 article in NEWSWEEK, to which the Court is respectfully referred for a full and accurate statement of its contents.

16. Defendant admits that it received two facsimiles from plaintiff on August 31, 2007, but defendant otherwise denies plaintiff's characterization and description of the contents of those facsimiles. For a full and accurate statement of the contents of the facsimiles, the Court is respectfully referred to Exhibits K & L of the Declaration of Marcia Hoffman, filed in support of plaintiff's motion for preliminary injunction.

17. Admitted.

18. Admitted.

19. Defendant denies the allegations in this paragraph, except to aver that defendant is continuing to process Plaintiff's FOIA requests and, as explained in the declaration of John F. Hackett, filed in support of defendant's opposition to plaintiff's motion for preliminary injunction, defendant anticipates providing plaintiff with an interim response to the FOIA requests on or before November 30, 2007, and a final response on or before December 31, 2007.

20. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

21. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

22. The allegations contained in this paragraph constitute conclusions of law to which

no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

23. Defendant repeats and realleges the responses made in paragraphs 1-22.

24. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

25. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

26. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

WHEREFORE, having fully answered plaintiff's complaint, defendant prays for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Dated: November 26, 2007

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

SCOTT N. SCHOOLS
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

*/S/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6120
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
E-mail: Andrew.Warden@usdoj.gov

*Attorneys for Defendant Office of the Director of National Intelligence*