1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | Civil Action No. 3:07-cv-05278 SI |
| ) | |
| Plaintiff, ) | **JOINT CASE MANAGEMENT** |
| ) | **STATEMENT** |
| v. ) | |
| ) | Judge: Hon. Susan Illston |
| OFFICE OF THE DIRECTOR OF NATIONAL ) | Date: January 25, 2008 |
| INTELLIGENCE, ) | Time: 2:00 p.m. |
| ) | Place: Courtroom 10, 19th Floor |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

Plaintiff Electronic Frontier Foundation and Defendant Office of the Director of National Intelligence respectfully submit the following joint case management statement.

### 1.     Jurisdiction and Related Issues

EFF contends that this Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i), and that this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. EFF further maintains that venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).  All parties have been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

### 2.     Facts

In two letters sent by facsimile to ODNI and dated August 31, 2007, EFF requested under the Freedom of Information Act all records from April 2007 to August 31, 2007 concerning briefings, discussions, or other exchanges that ODNI Director Michael McConnell or other ODNI officials have had concerning amendments to the Foreign Intelligence Surveillance Act ("FISA") with a.) representatives of telecommunications companies, and b.) members of the Senate or House of

Representatives, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities. EFF also formally requested that the processing of these requests be expedited because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 32 C.F.R. § 1700.12(c)(2). By two facsimiles sent September 10, 2007, ODNI acknowledged receipt of EFF's FOIA requests, and informed EFF that its requests for expedited processing had been granted. ODNI did not complete processing of EFF's requests within the twenty-working-day timeframe set forth by the FOIA.

EFF filed this action on October 17, 2007, seeking the expedited processing and release of the requested documents. On October 29, 2007, EFF filed a motion for a preliminary injunction to compel the timely processing and production of the records. On November 27, 2007, this Court granted in part and denied in part EFF's motion for a preliminary injunction, ordering ODNI to "respond to plaintiff's FOIA request and provide an interim release no later than November 30, 2007." The Court also ordered the agency to "provide a final release of all responsive, non-exempt documents no later than December 10, 2007," as well as an "affidavit with its final response setting forth the basis for withholding any responsive documents it does not release."

On November 30, 2007, ODNI released to EFF a total of 242 pages, 230 of which were disclosed in full, and twelve withheld in part pursuant to 5 U.S.C. § 552(b)(2). ODNI provided its second disclosure to EFF on December 10, 2007, as well as the affidavit required by the Court discussing the basis for the agency's withholdings (hereafter "Hackett Declaration"). In ODNI's December 10 release, the agency disclosed 238 pages in full; withheld twenty-nine pages in part pursuant to 5 U.S.C. §§ 552(b)(1), (2) & (3); and withheld fourteen pages in full pursuant to 5

U.S.C. §§ 552(b)(1), (2), (5) & (6), and because ODNI determined that two of the pages were not agency records for purposes of the FOIA.

**3.      Legal Issues**

The parties have agreed to narrow the legal issues remaining to be litigated.  Specifically, EFF has decided not to challenge ODNI's withholding claims *except* for those described in ¶¶ 10 & 12 of the Hackett Declaration.  These withholdings are 1.) eleven pages of briefing materials withheld in full under 5 U.S.C. §§ 552(b)(1) & (3); and 2.) a telephone message slip withheld in full under 5 U.S.C. §§ 552(b)(1), (3), (5) & (6), and because ODNI contends that it is not an agency record.

**4.      Motions**

EFF filed a motion for a preliminary injunction on October 29, 2007, seeking to compel the timely processing and production of the records at issue in this case, which the Court granted in part and denied in part on November 27, 2007.

The parties anticipate that dispositive briefing will resolve this case at a summary stage.  EFF reserves the right to seek discovery under Fed. R. Civ. P. 56(f) after ODNI files its motion for summary judgment and supporting declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973).  EFF also intends to move for attorneys fees if it is unable to reach an agreement with ODNI on this issue after the Court rules on the parties' dispositive motions.

**5.      Amendment of Pleadings**

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.      Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. ODNI is taking all reasonable steps to preserve documents responsive to EFF's FOIA requests that were located during the course of ODNI's search process, including those documents withheld from EFF.

**7.     Disclosures**

The parties agree that initial disclosures are not necessary in this case, as this is an action for review on an administrative record and is therefore exempt from initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(E)(i).

**8.     Discovery**

To date, no discovery has been taken by any party. The parties do not anticipate proposing any limitations or modifications of the discovery rules.  As mentioned *supra*, EFF reserves the right to seek discovery pursuant Fed. R. Civ. P. 56(f) after ODNI files its motion for summary judgment and accompanying papers.

**9.     Class Actions**

This case is not a class action.

**10.     Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12. The parties note, however, that EFF filed a lawsuit against the Department of Justice on September 27, 2007 in United States District Court for the District of Columbia seeking the expedited release of records substantially similar to the documents in this case.  *Electronic Frontier Foundation v. Department of Justice*, No. 1:07-cv-01732-RBW (D.D.C. filed Sept. 27, 2007).  That case is still pending.

**11.     Relief**

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its August 31, 2007 FOIA requests.  EFF also seeks expeditious proceedings in this action, as well as costs and reasonable attorneys fees incurred in this litigation.   ODNI seeks dismissal of this action and the assessment of costs.

**12.     Settlement and ADR**

The parties believe that the prospect of settlement is low at this time.   This case has been

assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2).

**13.        Consent to Magistrate for All Purposes**

On October 29, 2007, EFF filed its consent to proceed before a magistrate judge.  On October 30, 2007, ODNI declined to proceed before a magistrate judge, and so does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.        Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.        Narrowing of Issues**

The parties have agreed to significantly narrow the legal issues remaining in this case, as described *supra*.  No party requests bifurcation of any issues, claims, or defenses.

**16.        Expedited Schedule**

Because time is at the essence of both EFF's rights and ODNI's obligations, EFF believes that this case should be handled on an expedited basis with streamlined procedures.   The parties anticipate that this case will be resolved by the Court on summary judgment and the parties have agreed to the following briefing schedule:

*        February 5, 2008 – ODNI Motion For Summary Judgment

*        February 15, 2008 – EFF Opposition To Motion For Summary Judgment

*        February 22, 2008 – ODNI Reply In Support of Motion For Summary Judgment

*        March 7, 2008 – Motion Hearing Date

The parties agree to reserve their rights to seek extension of these deadlines as circumstances

warrant.   A proposed order is attached as Exhibit 1.

**17.    Scheduling**

See paragraph 16 above.

**18.    Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment, and do not anticipate that this case will be decided a jury.

**19.    Disclosure of Non-Party Interested Entities or Persons**

EFF has filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. ODNI has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement.

**20.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

ODNI hereby provides notice to the Court that because this FOIA case involves litigation concerning release of classified information, resolution of this case may require the submission of classified information (*ex parte* and *in camera*) to the Court.

1  DATED: January 16, 2008                      Respectfully submitted,

2

3  David L. Sobel, Esq. (*pro hac vice*)           JEFFREY S. BUCHOLTZ
   ELECTRONIC FRONTIER FOUNDATION                  Acting Assistant Attorney General
4  1875 Connecticut Ave. NW
   Suite 650                                       CARL J. NICHOLS
5  Washington, DC  20009                           Deputy Assistant Attorney General
   Telephone: (202) 797-9009 x104
6  Facsimile: (202) 797-9066                       SCOTT N. SCHOOLS
                                                   United States Attorney
7

8  /s/ *Marcia Hofmann*                            ELIZABETH J. SHAPIRO
   Kurt Opsahl, Esq.                               Assistant Director, Federal Programs Branch
9  Marcia Hofmann, Esq.
   ELECTRONIC FRONTIER FOUNDATION
10  454 Shotwell Street                            /s/ *Andrew I. Warden*
   San Francisco, CA  94110                        ANDREW I. WARDEN (IN Bar No. 23840-49)
11  Telephone: (415) 436-9333                      Trial Attorney, U.S. Department of Justice
   Facsimile: (415) 436-9993                       Civil Division, Federal Programs Branch
12                                                 20 Massachusetts Ave., N.W., Room 6120
   Attorneys for Plaintiff                         Washington, D.C. 20530
13  ELECTRONIC FRONTIER FOUNDATION                 Telephone: (202) 616-5084
                                                   Facsimile: (202) 616-8460
14                                                 E-mail: Andrew.Warden@usdoj.gov

15                                                 *Attorneys for Defendant Office of the*
                                                   *Director of National Intelligence*
16

17

18

19

20

21

22

23

24

25

26

27

28