# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION<br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br>    Defendant. | Civil Action No. 07-5278 |

## DECLARATION OF RONALD L. BURGESS, JR., LIEUTENANT GENERAL, USA

Pursuant to 28 U.S.C. § 1746, I, LTG Ronald L. Burgess, Jr., declare the following to be true and correct:

1. I am currently the Director of the Intelligence Staff (DIS) for the Office of the Director of National Intelligence (ODNI). As the DIS I am responsible for the oversight of the ODNI staff to ensure the effective integration and coordination of policy, positions, and procedures across the functional domains of DNI responsibility. In addition, I am responsible for all internal ODNI administration including budget and finance, facilities, human resources, information technology, security, logistics, and information management. I have served with the ODNI since August 2005, first as the Deputy Director of National Intelligence for Customer Outcomes. In February 2007 I became the Director of the Intelligence Staff and from June 2006 to October 2007 was also the Acting Principal Deputy Director of National Intelligence.

2. Pursuant to Section 5.4 of Executive Order 12958, as amended by Executive Order 13292,[1] I have been designated by the DNI as the senior agency official responsible for directing and administering the program for the ODNI under which information is classified, safeguarded, and declassified. In addition, under a written delegation of authority pursuant to Section 1.3(c) of Executive Order 12958, as amended, I hold original classification authority at the Top Secret level. I am also the Chief Freedom of Information Act (FOIA) Officer for the ODNI and as such I have agency-wide responsibility for efficient and appropriate compliance with the FOIA, among other things. Through the exercise of my official duties as DIS and Chief FOIA Officer, I have become familiar with the current litigation arising out of FOIA requests for records filed by the plaintiff in this case.

3. The factual background of this matter is discussed in the declaration of John F. Hackett, Director of the Information Management Office, and is not repeated here. I am aware that plaintiffs have challenged ODNI's withholding of a telephone message slip that contains the handwritten notes of an ODNI attorney. The message slip was withheld from plaintiffs pursuant to Exemptions 1, 3, 5, and 6 of the FOIA and because it is not an agency record under the FOIA.

4. The purpose of this declaration is to explain the withholding of this document pursuant to Exemptions 1 and 3 of the FOIA, 5 U.S.C. § 552(b)(1), (3). A declaration explaining why this document is not an agency record and why FOIA Exemptions 5 and 6 apply to it is being filed separately. See Declaration of John F. Hackett.

---

[1] Executive Order 12958 was amended by Executive Order 13292. See Exec. Order No. 13292, 68 Fed. Reg. 15,315 (Mar. 28, 2003). All citations to Executive Order No. 12958 are to the Order as amended by Executive Order No. 13292. See Exec. Order No. 12958, 3 C.F.R. 333 (1995), reprinted as amended in 50 U.S.C.A. § 435 note at 180 (West Supp. 2006).

5. The message slip at issue in this case resulted from an incoming telephone call from a representative of a telecommunications company. An ODNI attorney returned this telephone call and wrote notes on the message slip during the course of the telephone conversation. The handwritten notes contain the ODNI attorney's mental impressions of the conversation but is not a verbatim transcription of the conversation. The issues discussed during the conversation related to the various options that may be available to address the litigation facing the telecommunications carriers - - which consists of civil lawsuits based on alleged involvement in United States Government intelligence activities. The ODNI attorney and the caller discussed such options as court orders and legislation. No further information about the contents of this message slip can be disclosed without revealing the information that is exempt from disclosure based on FOIA Exemptions 1, 3, 5 and 6. This is so because any further details about the contents of this message would confirm the existence or non-existence of a relationship with a telecommunications carrier, which is currently and properly classified.

6. If the ODNI were to confirm the existence or non-existence of a relationship with a particular telecommunications carrier, then this fact would allow individuals, including our adversaries, to accumulate information and draw conclusions about how the U.S Government collects communications, its technical capabilities and its sources and methods of collection. Confirmation by the ODNI that the U.S. Government does or does not have a relationship with a particular telecommunications carrier for an intelligence activity would provide our adversaries with a road map, instructing them about which communications modes and personnel remain safe or are successfully

defeating the U.S. Government's capabilities. For example, if the ODNI were to admit publicly in response to an information request that no relationship with telecommunications companies A, B, and C exists, but in response to a separate information request about company D state only that no response could be made, this would give rise to the inference that the U.S. Government has a relationship with company D. Over time, the accumulation of these inferences would disclose the capabilities (sources and methods) of the U.S. Government's intelligence activities and inform our adversaries of the degree to which the U.S. Government can successfully exploit particular communications. Our adversaries can then develop countermeasures to thwart the U.S. Government's abilities to collect their communications.

7. Exemption 1 of the FOIA protects from disclosure matters that are specifically authorized under criteria established by an Executive Order to be kept secret in the interest of the national defense or foreign policy and are in fact properly classified pursuant to such Executive Order. 5 U.S.C. § 552(b)(1). The current Executive Order, which establishes such criteria, is Executive Order 12958, as amended.

8. Section 1.2 of Executive Order 12958 provides that information may be classified at the Top Secret, Secret, and Confidential levels. Section 1.4 of Executive Order 12958 provides that information may not be considered for classification unless it falls within seven specifically enumerated categories of information. The information in the message slip at issue is classified at the Top Secret level and pertains to "intelligence activities (including special activities), intelligence sources and methods, or cryptology" found in Section 1.4(c); and "vulnerabilities or capabilities of systems, installations,

infrastructures, projects, plans, or protection services relating to the national security, which includes defense against transnational terrorism" found in Section 1.4(g).

9. I reviewed the information sought by plaintiffs and determined that it pertains to information that meets the criteria for classification under Executive Order 12958, as amended, therefore the information sought by plaintiff is protected from disclosure pursuant to Exemption 1 of the FOIA. Releasing this document to plaintiffs or providing a further description of this information would disclose information that is currently and properly classified at the Top Secret level pursuant to Executive Order 12958, because disclosure of this information reasonably could be expected to cause exceptionally grave damage to national security.

10. Exemption 3 of the FOIA also protects from release matters that are specifically exempted from disclosure by statute, provided that the relevant statute requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or establishes particular criteria for withholding or refers to particular types of matter to be withheld. See 5 U.S.C. § 552(b)(3).

11. Information in this message slip is protected by Section 102A(i)(l) of the Intelligence Reform and Terrorism Prevention Act of 2004, 50 U.S.C. § 403-1(i)(1), which states that the Director of National Intelligence "shall protect intelligence sources and methods from unauthorized disclosure." Therefore, certain information in the

5

message slip is protected from disclosure pursuant to Exemption 3 of the FOIA.

12. I declare under of penalty of perjury that the foregoing is true and correct.

Signed this 5th day of February 2008

Ronald L. Burgess, Jr.,
Lieutenant General, USA
Director of the Intelligence Staff