JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6120
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendant Office of the
Director of National Intelligence*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>Defendant, | No. C 07-5278 SI<br><br>**DEFENDANT'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

      Defendant Office of the Director of National Intelligence ("ODNI") hereby opposes plaintiff's Administrative Motion To Consider Whether Cases Should Be Related (dkt. no. 40). Plaintiff's recently-filed Freedom of Information Act case, *Electronic Frontier Foundation v. ODNI*, No. 08-1023 EDL, is not "related" to the above-captioned case within the meaning of Civil Local Rule 3-12. As a comparison of the cases reveals, neither case grows out of the same

No. C. 07-5278 SI – Defendant's Opposition To Administrative Motion To Consider Whether Cases Should Be Related    1

event or transaction, nor involves common issues of fact. Further, adherence to the ordinary judicial policy that plaintiff's newly-filed case be randomly assigned will not result in duplication of labor or conflicting results with the above-captioned case. For these reasons, plaintiff's administrative motion should be denied.

## BACKGROUND

On October 17, 2007, plaintiff filed the above-captioned case (hereinafter "*ODNI*") challenging ODNI's processing of an August 31, 2007 Freedom of Information Act ("FOIA") request seeking "all agency records from April 2007 to the present concerning briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with": a) "members of the Senate or House of Representatives"; and b) "representatives of telecommunications companies concerning amendments to FISA [Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.*, as amended], including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities." ODNI released all non-exempt, responsive records to plaintiff in response to this request and, as reflected in the parties February 22, 2008 joint stipulation, the parties are in agreement this case should be dismissed. *See* Stipulation Regarding Motion For Summary Judgment (dkt. no. 41).[1] For all intents and purposes, this case is now over.

On February 20, 2008, plaintiff filed *Electronic Frontier Foundation v. ODNI et al.*, No. 08-1023 EDL (hereinafter *"DoJ"*). This case, filed against ODNI and the Department of Justice, challenges the processing of a distinct set of FOIA requests submitted to ODNI and five components within the Department of Justice on December 21, 2007. *See* Complaint ¶¶ 18-19. Although the *DoJ* requests seek agency records similar to the *ODNI* request described above, these requests seek records for a different period of time – indeed, created after the processing of

---

[1] As discussed during telephonic status conference held on February 27, 2008, the parties are in the process of submitting a revised joint stipulation to the Court.

No. C. 07-5278 SI – Defendant's Opposition To Administrative Motion To Consider Whether Cases Should Be Related         2

the *ODNI* request ("from September 1, 2007 to the present") and provide additional details about the records being sought.[2] *See id.* ¶ 19.

### LEGAL STANDARD: LOCAL CIVIL RULE 3-12

Cases filed in the Northern District of California are "assigned blindly and at random by the Clerk by means of a manual, automated or combination system approved by the Judges of the Court." General Order 44 ¶ D(2). Such a rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (construing analogous D.D.C. rule). Civ. L.R. 3-12, however, provides for reassignment of a case to the judge presiding over an earlier-filed case when those cases are related. "[T]he primary reasons" for Civ. L.R. 3-12 are "to avoid unduly burdensome duplication of labor and expense, and conflicting opinions before different judges." *Bacon v. City and County of San Francisco*, No. C04-3437 TEH, 2005 WL 1910924, *1 n.1 (N.D. Cal. August 10, 2005). Accordingly, the rule defines cases as related when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Civ. L.R. 3-12(a).

### ARGUMENT

Plaintiff's motion should be denied because *DoJ* does not "concern substantially the same parties, property, transaction or event" as *ODNI*. Although the plaintiff is the same in both actions, the cases involve different defendants. *ODNI* involved only ODNI, whereas *DoJ* involves both ODNI and the Department of Justice. The inclusion of the Department of Justice as a defendant in *DoJ* is a significant difference in the two cases that adds complexity to the manner in which *DoJ* will proceed on its merits. Because FOIA requests to the Department of

---

[2] For example, unlike the *ODNI* request, the *DoJ* requests specifically seek "all e-mail, appointment calendars, telephone message slips" and include a list of lobbyists and lawyers reportedly working on behalf of telecommunications companies.

No. C. 07-5278 SI – Defendant's Opposition To Administrative Motion To Consider Whether Cases Should Be Related 3

Justice are processed on a component-by-component basis, *see* 28 C.F.R. § 16.3(a), resolution of *DoJ* will likely require the assigned Judge to consider a much broader set of issues in light of plaintiff's five separate FOIA requests to the Department of Justice components, as well as plaintiff's request to ODNI.

More importantly, the "transaction or event" that forms the factual basis for *DoJ* is completely distinct from the facts underlying *ODNI*. Put simply, the two cases involve entirely separate FOIA requests. Whereas the August 31, 2007 request at issue in *ODNI* involved records created since April 2005, the requests in *DoJ* seek records created after plaintiff submitted the *ODNI* request (*i.e.*, September 1, 2007 to present). This fact is significant because FOIA requests are handled on an individualized request basis, with agencies conducting specific searches based on the terms of each request and analyzing whether the records found in response to those requests are appropriate for release. Consequently, resolution of *DoJ* will focus exclusively on the manner in which the agencies processed the specific requests at issue in that case without regard to *ODNI*.

Allowing *DoJ* to remain with the presiding judge as a matter of course under General Order 44 also will not result in unduly burdensome duplication of labor or conflicting results. These cases do not present a situation in which two different judges of this District will be duplicating their efforts by passing judgment on same legal claims arising from the same set of facts. The merits litigation of *ODNI* is over and the parties agree that the case should be dismissed. In light of this posture plaintiff does not even attempt to explain how litigation and resolution of *DoJ*, which will depend entirely upon the specific facts in that case, could conflict with the resolution of *ODNI*. Indeed, *ODNI* will be resolved without a decision by the Court on the merits. Accordingly, there is no risk, for example, that different Judges of this District will issue conflicting decisions about whether the same agency records are exempt from disclosure

No. C. 07-5278 SI – Defendant's Opposition To Administrative Motion To Consider Whether Cases Should Be Related          4

under FOIA.[3] Nor is there any risk of duplicative labor because *ODNI* was resolved by consent of the parties – the Court did not have to pass judgment on the merits of the case in order to resolve it. Finally, although plaintiff argues that two cases involve "the same legal issues and causes of action," *see* Plaintiff's Motion at 3, the similarity of questions of law is irrelevant under Civil Local Rule 3-12,[4] and for good reason: two separate FOIA cases are no more related than two Title VII employment cases.

## CONCLUSION

Plaintiff has provided no persuasive reason to deviate from this Court's general rule of random assignments, which "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp*, 196 F.R.D. at 202. The Court should, accordingly, deny plaintiff's administrative motion.

---

[3] Plaintiff's motion omits any discussion of the Court's decision in *ODNI* granting in part plaintiff's motion for preliminary injunction to expedite processing of the FOIA request at issue. That decision was based primarily on the facts at issue in that case. Even assuming a similar motion to expedite processing is filed in *DoJ* and heard before a different Judge, resolution of that motion would similarly depend on the specific facts concerning the *DoJ* FOIA requests and that own Judge's consideration of any relevant legal issues. *Cf. Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) (one district court judge is not required to follow the decision of another). The parties, of course, would be free to point to that earlier decision as persuasive authority (or argue against such a position) to the extent conclusions from that case are relevant to *DoJ*.

[4] This decision is based on an explicit choice of the judges of this Court: a prior version of Civil Local Rule 3-12(a)(1), now superseded, factored in whether two cases involved "substantially the same . . . question of law." *See Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711-MHP, 2003 WL 22387598, *5 (N.D. Cal. October 14, 2003) (quoting earlier version of local rule). The Court's choice to change the rule is, of course, meaningful. *Cf. American Nat'l Red Cross v. S.G.*, 505 U.S. 247, 263 (1992) (discussing canon of construction that "a change in language [must] be read, if possible, to have some effect").

No. C. 07-5278 SI – Defendant's Opposition To Administrative Motion To Consider Whether Cases Should Be Related                                              5

Dated: February 28, 2008                    Respectfully submitted,

                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

                                            CARL J. NICHOLS
                                            Deputy Assistant Attorney General

                                            JOSEPH P. RUSSONIELLO
                                            United States Attorney

                                            ELIZABETH J. SHAPIRO
                                            Assistant Director, Federal Programs Branch

                                            */S/ Andrew I. Warden*
                                            ANDREW I. WARDEN (IN Bar No. 23840-49)
                                            Trial Attorney, U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W., Room 7332
                                            Washington, D.C. 20530
                                            Telephone: (202) 616-5084
                                            Facsimile: (202) 616-8460
                                            E-mail: Andrew.Warden@usdoj.gov

                                            *Attorneys for Defendant Office of the*
                                            *Director of National Intelligence*