# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ZARCON, INC., et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No. 06-3161-CV-S-RED |
| | ) | |
| **NATIONAL LABOR RELATIONS BOARD,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is plaintiffs' Motion for Award of Attorney Fees and Expenses Under 5 U.S.C. § 552(a)(4)(E) (#47). After careful consideration, the Court **DENIES** the motion.

**BACKGROUND**

Zarcon, Inc. ("Zarcon") had a labor dispute that the National Labor Relations Board ("NLRB") investigated and litigated. During the NLRB's investigation, it obtained an affidavit from Randy Lea, a former supervisor with Zarcon. Zarcon requested a copy of the affidavit along with other documents and recordings from the NLRB. The NLRB refused to provide an unredacted copy of the affidavit claiming that it was entitled to protect the identity of the individual that obtained the affidavit from Mr. Lea.

Zarcon and its attorney sued the NLRB in this Court claiming that plaintiffs were entitled to a copy of the Lea affidavit and other documents and recordings under the Freedom of Information Act ("FOIA"). The parties litigated the labor dispute and the separate FOIA case simultaneously. On September 20, 2007, after the parties had fully briefed their summary judgment motions in the FOIA case, they settled their labor dispute. As part of the settlement, the parties entered into a side agreement resolving some of the issues in the FOIA case. Their settlement did not, however, resolve

the dispute regarding the Lea affidavit.

On October 3, 2007, plaintiffs advised the Court and the NLRB that they had learned through a third party source that Cecil Morrison, a retired NLRB agent, obtained the affidavit from Mr. Lea. The NLRB no longer had a reason to protect the affidavit. On October 19, 2007, the parties advised the Court that they had settled the remaining issues in the FOIA case. Pursuant to the settlement, the NLRB gave plaintiffs a copy of the Lea affidavit. Plaintiffs filed their pending Motion for Award of Attorney Fees and Expenses on November 29, 2007.

## DISCUSSION

At the time plaintiffs filed their motion for fees, the fee shifting provision of the FOIA stated that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Plaintiffs claim that they substantially prevailed because the FOIA lawsuit was the catalyst by which plaintiffs obtained the Lea affidavit from the NLRB. The NLRB argues that plaintiffs did not prevail because they obtained the affidavit by the NLRB's voluntary action and not because of a court order requiring it to provide plaintiffs with the affidavit.

Prior to 2001, the catalyst theory argued by plaintiffs was generally recognized for fee shifting purposes. In 2001, however, the United States Supreme Court held that the catalyst theory is not a permissible basis for awarding attorney's fees because "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 605 (2001). Instead, "a plaintiff must receive at least some relief on the merits of his claim before he can be said to prevail."

*Sierra Club v. City of Little Rock*, 351 F.3d 840, 845 (8th Cir. 2003). This requires that there be a "judicially sanctioned" change in the relationship between the parties. *Id.* "[A] voluntary change in the relationship between the parties as a result of a lawsuit is insufficient to trigger a shift in the general rule that parties pay their own fees." *Id.* The Court's approval of a private settlement or dismissal of the case pursuant to a settlement is not sufficient. *Christina A. v. Bloomberg*, 315 F.3d 990, 992-94 (8th Cir. 2003). "[A] party prevails only if it receives either an enforceable judgment on the merits or a consent decree." *Id.* at 993.

Plaintiffs do not argue that they are entitled to fees under *Buckhannon*. Plaintiffs instead argue that *Buckhannon* does not apply to this case because (1) the Eighth Circuit has not applied *Buckhannon* to FOIA cases and (2) the OPEN Government Act of 2007 trumps *Buckhannon*.

### Buckhannon *applies to FOIA cases.*

Plaintiffs first argue that *Buckhannon* was not a FOIA case, and there are no Eighth Circuit cases applying *Buckhannon* to FOIA cases. The Court notes that while the NLRB has not cited an Eighth Circuit case specifically applying the *Buckhannon* holding to a FOIA case, plaintiffs have not cited a *post-Buckhannon* case applying the catalyst theory to a FOIA case. The Eighth Circuit has applied *Buckhannon* to a variety of fee shifting statutes, and it has stated that "*Buckhannon's* analysis of the meaning of prevailing party was general . . . [so] *Buckhannon* applies broadly to fee-shifting statutes that employ the 'prevailing party' language." *Cody v. Hillard*, 304 F.3d 767, 773 (8th Cir. 2002). Moreover, other circuits have applied the *Buckhannon* holding to FOIA cases because "the 'substantially prevail' language in FOIA is the functional equivalent of the 'prevailing party' language found in the statutes *Buckhannon* interpreted." *Davy v. Central Intelligence Agency*, 456 F.3d 162, 165 (D.C. Cir. 2006); *see also Davis v. U.S. Department of Justice*, 460 F.3d

92, 105-06 (D.C. Cir. 2006); *UNITE v. INS*, 336 F.3d 200, 207-10 (2d. Cir. 2003). *Buckhannon* and its progeny apply to FOIA cases under the version of the FOIA that existed when plaintiffs filed their pending motion.

### *The new FOIA fee shifting provisions enacted by the OPEN Government Act of 2007 do not apply to this case.*

Plaintiffs also argue that Congress trumped any application of *Buckhannon* to FOIA cases when it enacted the OPEN Government Act of 2007.[1] The OPEN Government Act of 2007 became effective when President Bush signed it into law on December 31, 2007. It changed the FOIA fee shifting provision to state that a plaintiff substantially prevails in a FOIA suit if he obtains relief through "a voluntary or unilateral change in position by the agency." This change effectively permits the catalyst argument to be used for fee shifting in FOIA cases.

The OPEN Government Act of 2007, however, does not apply to this case because it did not take effect until December 31, 2007, and its modifications of the FOIA fee shifting provision are not retroactive. In *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006), the Supreme Court stated:

> This Court has worked out a sequence of analysis when an objection is made to applying a particular statute said to affect a vested right or to impose some burden on the basis of an act or event preceding the statute's enactment. We first look to whether Congress has expressly prescribed the statute's proper reach, and in the absence of language as helpful as that we try to draw a comparably firm conclusion about the temporal reach specifically intended by applying our normal rules of construction. If that effort fails, we ask whether applying the statute to the person objecting would have a retroactive consequence in the disfavored sense of affecting substantive rights, liabilities, or duties on the basis of conduct arising before its enactment. If the answer is yes, we then apply the presumption against retroactivity by

---

[1] The Court notes that on January 10, 2008, plaintiffs counsel advised the Court that he had reviewed the OPEN Government Act of 2007 and "it takes only fifteen minutes to review that document to see it has no significant bearing on this case" (#51).

>construing the statute as inapplicable to the event or act in question owing to the absence of a clear indication from Congress that it intended such a result.

Congress is silent about the temporal reach of the new FOIA fee shifting provision, and the statute does not provide any evidence that Congress intended the statute to be retroactive. The first step in the Supreme Court's sequence of analysis does not provide any guidance.

The new fee shifting provisions would negatively affect the NLRB's rights, liabilities, and duties with respect to its obligation to pay for plaintiffs' attorney fees. Throughout the time that plaintiffs incurred the fees that they seek to have reimbursed, the former FOIA fee provision applied. Moreover, the former fee provision applied when the NLRB agreed to give plaintiffs the affidavit and settle the case. It would be unfair to now require the NLRB to pay fees under a new law that they did not and could not consider at the time that they decided to settle their dispute with plaintiffs. The statute should not be construed to impose new obligations on the NLRB due to its settlement with plaintiffs that the NLRB could not have foreseen when it agreed to the settlement. The new FOIA fee shifting provision in the OPEN Government Act of 2007 does not apply to this case.

## CONCLUSION

*Buckhannon's* prohibition on catalyst arguments for fee shifting purposes applies, and plaintiffs are not entitled to an award of attorney's fees in this case. The Court **DENIES** plaintiffs' Motion for Award of Attorney Fees and Expenses Under 5 U.S.C. § 552(a)(4)(E) (#47).

**IT IS SO ORDERED**.

DATED:   March 25, 2008          /s/ Richard E. Dorr
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT