# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DEPARTMENT OF JUSTICE,** ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-0096 (HHK) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff's pending motion seeks a preliminary injunction requiring defendant Department of Justice ("DOJ") to process and release within 20 days documents concerning the Bush Administration's warrantless domestic surveillance program. DOJ opposes the motion on the grounds that 1) a preliminary injunction is not an appropriate vehicle for the relief plaintiff seeks; and 2) no harm will result if DOJ is permitted to process the documents on its own, undefined schedule, without the Court's intervention. Plaintiff respectfully submits this brief reply to address those contentions.

### I. Injunctive Relief is Clearly Appropriate, Under Both the Court's Precedents and the Specific Circumstances Present Here

Defendant DOJ stridently, but mistakenly, asserts that plaintiff's request for a preliminary injunction is "unprecedented," and that "such extraordinary and draconian emergency relief has [n]ever been awarded against a government defendant subject to suit under FOIA." Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction ("Def. Opp.") at 1. To the contrary, this Court has long entertained and, when

appropriate, granted requests for preliminary relief in FOIA cases. For instance, in *Cleaver v. Kelley*, 427 F. Supp. 80 (D.D.C. 1976), this Court issued a preliminary injunction requiring, within 21 days, the production of all documents responsive to a FOIA request and the filing of an index detailing and justifying any withholdings.[1] The injunction was predicated upon the Court's finding of an "exceptional and urgent need" for disclosure of the requested information. *Id*. at 81-82. Likewise, in *Aguilera v. FBI*, 941 F. Supp. 144 (D.D.C. 1996), this Court granted plaintiff's motion for a preliminary injunction and ordered the agency to "comply with plaintiff's FOIA requests" and file a *Vaughn* index within 30 days. As in *Cleaver*, the injunction was based upon a finding of "exceptional and urgent need" for disclosure. *Id*. at 152.

Even in those cases where this Court *denied* applications for preliminary injunctions seeking expedited processing of FOIA requests, the Court has never suggested, as defendant DOJ asserts, that "it is well-established in this district that such relief is wholly improper." Def. Opp. at 8-9 (citations omitted). DOJ has cited several cases in which the Court merely determined that the specific facts before it did not warrant expedited processing. *Id*. at 9-10; *see, e.g., Assassination Archives and Research Ctr. v. CIA*, No. 88-2600, 1988 U.S. Dist. LEXIS 18606 (D.D.C., Sept. 29, 1988) (denying preliminary injunction motion after conducting four-part analysis); *Al-Fayed v. CIA*, 2000 WL 34342564 (D.D.C. 2000) (same).[2] While DOJ suggests that the range of

---

[1] In light of defendant DOJ's reference to the inclusion of "the end-of-the-year holidays" in the period since plaintiff's FOIA requests were submitted, Def. Opp. at 3 & 8 n.4, it is worth noting that the 21 day compliance period ordered by the Court in *Cleaver* ran from December 22 to January 12.

[2] Indeed, as plaintiff has already shown in its opening submission, Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction ("Pl. Mem.") at 18, the D.C.

2

judicial remedies in FOIA cases is somehow limited, there is no such restriction. As the D.C. Circuit has noted, "[t]he FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974). "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses." *Id.*, 837 F.2d at 494 (citation omitted).[3]

In this case, plaintiff is simply asking the Court to prevent further delay in the processing of plaintiff's FOIA request where, as in *Cleaver* and *Aguilar*, there is an "exceptional and urgent need" for disclosure.[4] Defendant DOJ has acknowledged that there is an "*urgency* to inform the public" about the warrantless surveillance program, and that plaintiff's FOIA requests involve a "matter of widespread and *exceptional* media interest in which there exist possible questions about the government's integrity which

---

Circuit, in its only discussion of the FOIA expedited processing provision, itself applied the preliminary injunction standard in affirming the district court decision in the *Al-Fayed* case. *Al-Fayed v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001) (court conducted merits review of "whether plaintiffs are entitled to a preliminary injunction").

[3] Similarly, in *Open America v. Watergate Special Prosecution Force*, 547 F. 2d 605, 615-616 (D.C. Cir. 1976), the D.C. Circuit found that "Congress wished to reserve the role of the courts for two occasions" involving agency processing practices, one of which is "when plaintiff can show a genuine need and reason for urgency in gaining access to Government records."

[4] While the urgency in *Cleaver* and *Aguilar* was based upon the pendency of criminal proceedings in which the requested information might be relevant, that fact does not distinguish those cases from the situation here. As this Court has held, DOJ's expedited processing standards do not limit expedition to only those cases where "due process rights would be jeopardized by a failure to expedite." *Electronic Privacy Info. Ctr. v. FBI*, 865 F. Supp. 1, 2 (D.D.C. 1994). Indeed, the "due process" rationale for expedition is not statutorily required, while the "urgency to inform the public" standard is expressly mandated in the FOIA.

3

affect public confidence."[5] The only question is whether, in the face of that urgency, the processing of plaintiff's request should be left to DOJ's unilateral determination of what "expedited" means, or whether the Court should exercise its "equitable powers" under FOIA to "prevent . . . unreasonable delay."

Defendant DOJ complains that plaintiff, through its request for judicial relief, is "attempt[ing] to invent a time limit applicable to its expedited requests." Def. Opp. at 12. Rather, plaintiff is merely reading the plain language of the statute and proposing an equitable remedy for DOJ's continuing violation of the FOIA's time limits. The statute requires agencies to comply with standard, non-expedited requests within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). It further provides:

> Any person making a request to any agency for records under . . . this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. *If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request*, the court may retain jurisdiction and *allow the agency additional time* to complete its review of the records.

*Id.*, § 552(a)(6)(C)(i) (emphasis added). *See also Open America*, 547 F. 2d at 615;

---

[5] As plaintiff has noted, Pl. Mem. at 11 n.5, DOJ's letters to plaintiff indicate that the Department determined that expedited processing is required under two distinct legal standards. The first, cited by the Office of Information and Privacy in its letter of December 21 (attached to plaintiff's motion as Exhibit 12), is statutorily mandated and set forth in DOJ's regulations. It requires expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). The second standard is unique to DOJ and requires expedition for requests that involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). Determinations of eligibility under the latter standard are made by DOJ's Office of Public Affairs ("OPA"). *Id.*, § 16.5(d)(2). In its January 6 letter (Exhibit 13), the Office of Intelligence Policy and Review stated that OPA had granted plaintiff's request for expedited processing.

4

*Oglesby v. United States Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990).

Here, defendant DOJ does not dispute the fact that, notwithstanding its grant of "expedited" treatment, it has failed to comply with the generally applicable 20-day time limit. While citing *Open America*, *Oglesby*, and the "exceptional circumstances" language of the statute, Def. Opp. at 13, defendant DOJ does not even attempt to argue that it can show exceptional circumstances and that the Court should therefore allow the agency additional time to complete its review. Indeed, the agency would be hard-pressed to make the requisite showing; as plaintiff has noted, Pl. Mem. at 18-19, DOJ's own statistics indicate that the components at issue in this case carry relatively small FOIA caseloads, and handle very few (if any) requests that require expedited processing.

It is thus obvious that, in the absence of "exceptional circumstances," the Court would lack the authority to "allow the agency additional time" in this case, even if the requests at issue did not warrant expedition. While it is unclear whether the statute even contemplates *Open America*-type extensions of time in cases requiring expedited processing, where the agency must process the request "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), the regime that DOJ suggests is patently absurd. Under defendant's rationale, 1) standard requests must be processed within 20 days, unless the agency shows "exceptional circumstances" and the court allows additional time; but 2) expedited requests must be processed "as soon as practicable," which the agency may unilaterally decide exceeds the usual 20 day period, and the court is powerless to impose any deadline on the agency.[6] The D.C. Circuit, however, recently emphasized that "the Electronic

---

[6] The absurdity of DOJ's position is compounded by its attempt to shift the burden that it has failed to carry onto plaintiff, arguing that "[p]laintiff offers no reason to believe that the agency is not performing [its processing] as soon as practicable, and thus fails to meet

5

Freedom of Information Act Amendments of 1996 . . . make the right to expedition judicially enforceable." *Edmonds v. FBI*, 417 F.3d 1319, 1323 (D.C. Cir. 2005). The Court should reject defendant DOJ's attempt to evade judicial vindication of plaintiff's undisputed right to expedition. Entry of a preliminary injunction is the appropriate means to enforce that right.[7]

### II. Both Plaintiff and the Public Interest Will Be Irreparably Harmed in the Absence of a Preliminary Injunction

Defendant DOJ next seeks to minimize the harm – to plaintiff and the public generally – that will result if the Attorney General and the Justice Department are permitted to further delay the processing and release of information concerning the warrantless domestic surveillance program. DOJ first disputes plaintiff's assertion that its statutory right to expedited processing will be permanently lost unless the agency's continuing violation of the FOIA's time limit is quickly enjoined. Defendant contends that the DOJ components "have *granted* plaintiff expedited processing," Def. Opp. at 16

---

its burden." Def. Opp. at 15. It has long been recognized that the *agency*, not the requester, bears the burden of proof under *Open America*. *See, e.g., Exner v. Federal Bureau of Investigation*, 542 F.2d 1121, 1123 (9th Cir. 1976). Plaintiff has met its burden, and properly invoked the Court's jurisdiction, by showing that DOJ has violated the statutory 20-day time limit. 5 U.S.C. § 552(a)(6)(C)(i).

[7] In its attempt to avoid meaningful judicial enforcement of plaintiff's right to expedited processing, defendant DOJ falsely suggests that this Court, in other cases, has merely deferred to federal agencies in determining a time frame that is "as soon as practicable" and has not imposed strict deadlines. Def. Opp. at 12 (citing *ACLU v. DOJ* and *Edmonds v. FBI*). In fact, in subsequent proceedings in those cases that defendant fails to cite, the Court *did* impose specific processing deadlines. *See ACLU v. DOJ*, Civ. No. 03-2522 (ESH) (D.D.C. May 21, 2004) (order) (attached hereto as Exhibit 20) (ordering first "phase" of document production and *Vaughn* indices within 21 days; second within 49 days); *Edmonds v. FBI*, 417 F.3d 1319, 1321 (D.C. Cir. 2005) (recounting district court order requiring production of documents within 46 days).

6

(emphasis in original), as if merely paying lip service to plaintiff's statutory right somehow removes the harm that results from the agency's failure to *actually* expedite its processing.

It is clear that, as the D.C. Circuit has said, "stale information is of little value." *Payne Enterprises*, 837 F.2d at 494. The court of appeals recently addressed the importance of expedited FOIA processing in holding that a requester who had obtained an expedition order in the district court was eligible for an award of attorney's fees.

> We reject the government's . . . suggestion that whatever benefit Edmonds obtained from expedited processing was too insubstantial to entitle her to a fee award. *Plainly, there is value to obtaining something earlier than one otherwise would.* That is why people commonly pay – and delivery services commonly charge – a premium for next-day delivery of important documents. *Cf*. H.R. REP. NO. 93-876, at 6 (1974) (report on the 1974 FOIA amendments) ("*Information is often useful only if it is timely. Thus, excessive delay by the agency in its response is often tantamount to denial*."). The 1996 FOIA amendments underlined *Congress' recognition of the value in hastening release of certain information, by creating a statutory right to expedited processing* and providing for judicial review of its denial. When, pursuant to court order, the FBI finished processing Edmonds' request two months earlier than it would have in the absence of the order, she vindicated that statutory right.

*Edmonds v. FBI*, 417 F.3d 1319, 1324 (D.C. Cir. 2005) (emphasis added; citation and footnote omitted). As the court noted, Congress recognized "the value in hastening release of certain information," and it is obvious that the loss of that "value" constitutes a cognizable harm.

Defendant DOJ next argues that "plaintiff's claim that it cannot adequately participate in the public debate concerning the [warrantless surveillance] program rings substantially hollow," because "the President has more than once addressed the program publicly." Def. Opp. at 17-18. Defendant goes on to cite several statements by other Administration officials, including the Attorney General, and asserts that "[b]ased upon

7

the information that the government has already made public, . . . plaintiff is fully able to participate in the current public debate." *Id*. at 18.

Defendant has apparently missed the point, or else it misapprehends the purpose of the FOIA and the role it plays in our democratic process. As plaintiff noted in its opening memorandum, a meaningful and truly democratic public debate on the legality and propriety of the warrantless surveillance program "cannot be based solely upon information that the Administration voluntarily chooses to disseminate." Pl. Mem. at 14. Recent events underscore the point; as the *Voice of America* reported, "President Bush and key officials have been conducting a public relations campaign to persuade Americans on the need for what is now being called the Terrorist Surveillance Program." Dan Robinson, *US President Faces Controversies Ahead of State of Union Address*, Voice of America, Jan. 25, 2006 (attached hereto as Exhibit 21). And the *New York Times* reported on January 28 that "Bush administration officials appear to have succeeded in framing the legal debate on their own terms and daring critics of the National Security Agency operation to prove them wrong." Eric Lichtblau and Adam Liptak, *Bush Presses On in Legal Defense for Wiretapping*, New York Times, Jan. 28, 2006 (attached hereto as Exhibit 22).

It is not surprising that the "public relations campaign" undertaken by the President and other Administration officials, based solely upon information that they unilaterally choose to disclose, has "succeeded in framing the legal debate on their own terms." As this Court has recognized, delay in the processing of FOIA requests "may well result in disclosing the relevant documents after the need for them in the formulation of national . . . policy has been overtaken by events." *Natural Resources Defense*

8

*Council v. Department of Energy*, 191 F. Supp. 2d 41, 43 (D.D.C. 2002). Now is the time when disclosure of the requested information has the potential to influence a policy debate of great public importance. Such timely disclosure is precisely what Congress sought to ensure when it mandated expedited processing where, as here, there is an "urgency to inform the public." Without the Court's prompt vindication of plaintiff's right to expedition, both plaintiff and the public will suffer irreparable harm.

## CONCLUSION

For the foregoing reasons, and those set forth in plaintiff's opening memorandum, plaintiff's motion for a preliminary injunction should be granted.[8]

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar No. 484136

MARC ROTENBERG
D.C. Bar No. 422825

---

[8] Defendant DOJ asserts that "[t]he injunction proposed by plaintiff . . . seeks a version of ultimate relief – the immediate disclosure of non-exempt documents." Def. Opp. at 3. Plaintiff does not dispute that characterization of the requested relief and, if the Court believes it would be appropriate, plaintiff consents to the consolidation of this motion with the determination of the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). See *Aguilera*, 941 F. Supp. at 145 n.1.

9

ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff

10