David L. Sobel *(pro hac vice)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Kurt Opsahl (191303)
*kurt@eff.org*
Marcia Hofmann (250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x116
Facsimile: (415) 436-9993

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ELECTRONIC FRONTIER FOUNDATION,

Plaintiff,

v.

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,

Defendant.

NO. 07-5278 SI

**REPLY IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

Judge: Hon. Susan Illston
Date: May 23, 2008
Time: 9:00 a.m.
Courtroom: 10, 19th Floor

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES ........................................................................................III**

**INTRODUCTION ........................................................................................................ 1**

I. EFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS. ..................................... 1

A. EFF'S LITIGATION RESULTED IN A SUBSTANTIAL PUBLIC BENEFIT. ................................. 1

B. EFF DID NOT PURSUE THIS ACTION FOR COMMERCIAL BENEFIT OR PRIVATE INTERESTS. 4

C. ODNI'S OPPOSITION TO EFF'S MOTION FOR A PRELIMINARY INJUNCTION DID NOT HAVE A REASONABLE BASIS IN THE LAW BECAUSE THE GOVERNMENT WAS RECALCITRANT IN ITS OPPOSITION TO A VALID CLAIM. ........................................................................ 7

II. EFF SEEKS REASONABLE FEES AND COSTS. ........................................................ 9

A. EFF SEEKS REASONABLE HOURLY RATES CONSISTENT WITH THE PREVAILING MARKET RATE FOR FOIA AND OTHER TYPES OF LEGAL WORK IN THIS COMMUNITY. ............................ 9

B. EFF EXPENDED A REASONABLE NUMBER OF HOURS ON THIS LITIGATION. ..................... 11

III. EFF SHOULD BE AWARDED FEES ASSOCIATED WITH PREPARING THIS REPLY AND FURTHER WORK DONE TO PREPARE FOR AND PARTICIPATE IN THE HEARING ON THIS MOTION. ................. 15

**CONCLUSION ........................................................................................................ 15**

**TABLE OF AUTHORITIES**

**Cases**

*ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24 (D.D.C. 2004) ........ 8

*Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978) ........ 2, 4

*Camacho v. Bridgeport Financial Inc.*, No. 07-15297, 2008 WL 1792808, 2008 U.S. App. LEXIS 8665 (9th Cir. Apr. 22, 2008) ........ 10

*Cazalas v. Dep't of Justice*, 709 F.2d 1051 (5th Cir. 1983) ........ 6

*Church of Scientology of Cal. v. United States Postal Service,* 700 F.2d 486 (9th Cir. 1983) ..... 4, 6

*Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*, No. CV 04-9396 CBM (JTLx), 2006 WL 4081215, 2006 U.S. Dist. LEXIS 95610 (C.D. Cal. Dec. 12, 2006) ........ 11, 12

*Edmonds v. FBI*, 417 F.3d 1319 (D.C. Cir. 2005) ........ 4

*Education/Instruction v. Dep't of Justice*, 87 F.R.D. 112 (D. Mass. 1980) ........ 6

*Elec. Frontier Foundation v. Office of the Director of National Intelligence*, No. 07-5278 SI, 2007 WL 4208311, 2007 U.S. Dist. LEXIS 89585 (N.D. Cal. Nov. 37, 2007) ........ 2, 3, 5, 8

*Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 24 (D.D.C. 2006) ........ 8

*Ellis v. United States*, 941 F. Supp. 1068 (D. Utah 1996) ........ 6

*Exner v. FBI*, 443 F. Supp. 1349 (S.D. Cal. 1978) ........ 9

*Fenster v. Brown*, 617 F.2d 740 (D.C. Cir. 1979) ........ 6

*Fischer v. SJB-P.D. Inc.*, 214 F.2d 1115 (9th Cir. 2000) ........ 12

*Gerstein v. CIA*, No. C-06-4643 MMC, 2006 WL 3462658, 2006 U.S. Dist. LEXIS 89847 (N.D. Cal. Nov. 29, 2006) ........ 8

*Gerstein v. CIA*, No. C-06-4643 MMC, 2006 WL 3462659, 2006 U.S. Dist. LEXIS 89883 (N.D. Cal. Nov. 29, 2006) ........ 8

*Golden Gate Audubon Society v. United States Army Corps of Engineers*, 732 F. Supp. 1014 (N.D. Cal. 1989) ........ 9, 13

*Guam Contractors Ass'n v. Dep't of Labor*, 570 F. Supp. 163 (N.D. Cal. 1983) ........ 4

*Housing Rights Center v. Sterling*, No. 03-859 DSF (Ex), 2005 WL 3320738, 2005 U.S. Dist. LEXIS 31872 (C.D. Cal. 2005) ........ 10

*Long v. IRS*, 932 F.2d 1309 (9th Cir. 1991) ........ 9

*Lytle v. Carl*, 382 F.3d 978 (9th Cir. 2004) ........ 11

*Oberdorfer v. Glickman*, No. CV-98-1588-HU, 2001 WL 34045732, 2001 U.S. Dist. LEXIS 14677 (D. Ore. Sept. 14, 2001) ........ 12

*O'Neill, Lysaght & Sun v. Drug Enforcement Admin.*, 951 F. Supp. 1413 (C.D. Cal. 1996) ............ 7

*Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, No. 05-0440 DMS (AJB), 2007 WL 2142292, 2007 U.S. Dist. LEXIS 53996 (S.D. Cal. March 27, 2007) ....................... 10

*Piper v. Dep't of Justice,* 339 F. Supp. 2d 13 (D.D.C. 2004) ........................................................ 6

*Poulsen v. United States Customs and Border Protection*, No. C 06-1743 SI, 2007 WL 160945, 2007 U.S. Dist. LEXIS 8488 (N.D. Cal. Jan. 17, 2007) ........................................................... 6

*Powell v. Dep't of Justice* 569 F. Supp. 1192 (N.D. Cal. 1983) ........................................... 12, 14

*Republic of New Afrika v. FBI,* 645 F. Supp. 117 (D.D.C. 1986) .................................................. 6

*Tax Analysts v. Dep't of Justice*, 965 F.2d 1092 (D.C. Cir. 1992) .................................................. 7

*Taylor v. Albina Community Bank*, No. 00-1089-ST, 2002 WL 31973738, 2002 U.S. Dist. LEXIS 25580 (D. Ore. Oct. 2, 2002) ......................................................................................... 12

*U.S. v. $60,201.00*, 291 F. Supp. 1126 (C.D. Cal. 2003) ............................................................. 12

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ......................................................................... 2

*Welch v. Metro Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) ........................................................ 12

*Williams v. Dep't of the Army*, No. C 92-20088 JW, 1993 WL 372245, 1993 U.S. Dist. LEXIS 15336 (N.D. Cal. Sept. 30, 1993) ............................................................................... 7

**Statutes**

32 C.F.R. § 1700.12 ......................................................................................................... 5

5 U.S.C. § 552 ................................................................................................................. 5

## INTRODUCTION

Plaintiff Electronic Frontier Foundation sought entry of a preliminary injunction requiring Defendant Office of the Director of National Intelligence ("ODNI") to disclose information relevant to a highly controversial, time-sensitive congressional debate within ten days. EFF substantially prevailed on this motion and moved for an award of attorney's fees for work associated with preparing the complaint, motion for a preliminary injunction, application for an order shortening time, and the instant motion. ODNI does not dispute that EFF is eligible for such an award. However, the agency opposes EFF's motion by disputing that 1) EFF is entitled to the fees that it seeks, 2) EFF's hourly rates are reasonable, and 3) the hours spent by EFF on this litigation are reasonable. As explained below, EFF is entitled to its reasonable fees, and its motion should be granted. EFF also respectfully requests that the Court award the fees associated with preparing this reply brief.

## ARGUMENT

### I. EFF is Entitled to an Award of Attorney's Fees and Costs.

ODNI concedes that EFF substantially prevailed on its motion for a preliminary injunction, and is therefore eligible for a fee award. Def. Opp. at 4. However, the government claims that EFF should not be permitted to recover fees for several reasons. As explained below, the government's arguments are unavailing.

#### A. EFF's Litigation Resulted in a Substantial Public Benefit.

First, ODNI contends that EFF's success in this case was "extremely limited," amounting to mere "minor procedural relief," and so should not weigh in favor of an entitlement to fees. Def. Opp. 5-6. In fact, EFF has to date obtained nearly all the relief it sought in its complaint.[1]

[1] "Plaintiff prays that this Court: A) order Defendant ODNI to *process immediately* the requested records in their entirety; B) order Defendant ODNI, upon completion of such expedited processing, to *disclose the requested records* in their entirety and *make copies available* to Plaintiff; C) *provide*

Furthermore, EFF overwhelmingly prevailed on its motion for a preliminary injunction. *Elec. Frontier Foundation v. Office of the Director of National Intelligence*, No. 07-5278 SI, 2007 WL 4208311, 2007 U.S. Dist. LEXIS 89585, at *23 (N.D. Cal. Nov. 37, 2007). ODNI makes much of the fact that EFF prevailed "in part." However, the only aspect of EFF's argument that was not successful was the request that the Court order the government to produce an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973) ten days after ODNI finished processing EFF's requests. This request was a very small part of the total relief EFF sought, as demonstrated by the fact that EFF's motion devoted virtually no argument to this issue, and the Court's decision contained only four sentences of discussion about it. *Elec. Frontier Foundation,* No. 07-5278 SI, 2007 U.S. Dist. LEXIS 89585, at *23.[2]

ODNI simply ignores the fact that information made public through this litigation indisputably contributed "to the fund of information that citizens may use in making vital political choices." *Blue v. Bureau of Prisons*, 570 F.2d 529, 534 (5th Cir. 1978). As explained in its opening brief, EFF has posted all records released through this action on the EFF web site and publicized their availability through press releases. Hofmann Decl. in Support of Mot. Attorney's Fees ("First Hofmann Decl.") Exs. 1 & 2 (Dkt. 49). As a result, several media outlets immediately

---

*for expeditious proceedings* in this action; D) award Plaintiff its costs and reasonable attorneys fees incurred in this action; and E) grant such other relief as the Court may deem just and proper." Compl. at 6-7 ¶¶ A-E (Dkt. No. 1) (emphasis added). ODNI cites *Fischer v. SJB-P.D. Inc.*, 214 F.2d 1115 (9th Cir. 2000) to argue that EFF "achieved extremely limited success in this case." Def. Opp. 6. *Fischer* flies in the face of the government's position, however, since it goes on to explain, "[t]he Supreme Court has instructed that when attempting to determine whether a victory is 'technical,' the district court must 'compare' the relief the plaintiff originally sought in complaint with the relief ultimately obtained." *Id.* at 1120-21 (quoting *Farrar v. Hobby*, 506 U.S. 103, 115 (1992)).

[2] While the Court did not order ODNI to prepare a *Vaughn* index on the schedule requested by EFF, the government eventually produced three *Vaughn* declarations in support of its motion for summary judgment. *See* Declaration of John F. Hackett, Declaration of Rhea D. Siers, and Declaration of Ronald L. Burgess, Jr. (Dkt. No. 37).

published articles about these records and their significance to the raging national debate about whether federal surveillance law should be amended to immunize telecommunications carriers against liability for facilitating unlawful government surveillance. First Hofmann Decl. Exs. 3, 4 & 5. In fact, the information expeditiously disclosed as a result of this Court's order continues to fuel that debate, as demonstrated by an article published less than two weeks ago by NEWSWEEK based in part on a declaration filed by a government official in this case. Michael Isikoff and Michael Hosenball, *Just Between Us*, NEWSWEEK, Apr. 30, 2008 (attached to Supplemental Declaration of Marcia Hofmann ("Supp. Hofmann Decl.") as Ex. A).[3] ODNI itself posted the records released through this litigation on its web site, demonstrating that the *government* considers the public interest in the material to be very strong. First Hofmann Decl. Ex. 6. It is inconsistent for ODNI to claim now that the public benefit created by this litigation has been "marginal, at best." Def. Opp. 5.

Furthermore, the government argues that EFF's victory on the motion for a preliminary injunction was somehow negated by the fact that ODNI offered to provide an initial release of records on November 30, 2007. Def. Opp. 5. As an initial matter, ODNI's offer appears to have been prompted by EFF's filing of the motion, since the government was unwilling to propose any processing date prior to that event. Hofmann Decl. in Support of App. Shorten Time ¶¶ 4, 6-7 (Dkt. No. 12) (detailing EFF's unsuccessful attempts to negotiate a mutually acceptable processing schedule). More importantly, ODNI was under no *obligation* to produce anything by November 30, 2007 or any other date until the Court *ordered* it to do so. *See, e.g.*, *Edmonds v. FBI*, 417 F.3d

[3] This article discusses information made public through *Elec. Frontier Foundation v Office of the Director of National Intelligence et al.*, No. 08-1023 JSW (N.D. Cal. filed Feb. 20, 2008), a second FOIA case in which EFF sought the expedited processing and release of records from ODNI (as well as the Department of Justice). However, the NEWSWEEK story also cites assertions made by a government official in support of the motion for summary judgment in this case. Declaration of Ronald L. Burgess, Jr. ¶ 5 (Dkt. No. 37).

1319, 1323 (D.C. Cir. 2005) (After the court ordered the FBI to process records by a date certain, "timely production of nonexempt documents by the FBI could no longer be described as a voluntary change in the defendant's conduct. To the contrary, the plaintiff then had an enforceable judgment, and if the defendant failed to comply, it faced the sanction of contempt.") (citations and quotation marks omitted).

Finally, EFF's successful effort to secure the expedited processing of its FOIA requests is sufficient to justify an award of attorney's fees. As the D.C. Circuit has held, "we reject the government's . . . suggestion that whatever benefit [the requester] obtained from expedited processing was too insubstantial to entitle her to a fee award. Plainly, *there is a value to obtaining something earlier than one otherwise would*." *Edmonds*, 417 F.3d at 1324 (emphasis added). The government cites *Guam Contractors Ass'n v. Dep't of Labor*, 570 F. Supp. 163 (N.D. Cal. 1983) to claim that EFF has achieved only "limited scheduling relief" that should not warrant an award of fees. Def. Opp. 6. However, as the D.C. Circuit noted *after* Congress amended the FOIA in 1996 to include the expedited processing provision, "expedited processing of a FOIA request is a statutory right, not just a matter of court procedure." *Edmonds,* 417 F.3d at 1323 n.2. EFF obtained a court order to vindicate this right, which the D.C. Circuit has found adequate to justify an award of fees. *Id*. at 1326.

### B. EFF Did Not Pursue This Action For Commercial Benefit or Private Interests.

As a non-profit organization with no commercial interest in the requested information, EFF should recover attorney's fees and costs pursuant to FOIA. *Church of Scientology of Cal. v. United States Postal Service,* 700 F.2d 486, 494 (9th Cir. 1983). Nothing suggests that this Court should ignore Congress' clearly stated "preference for public interest groups, indigents and disinterested scholars over private commercial enterprises' efforts for disclosure." *Blue*, 570 F.2d at 534.

In its opposition, ODNI conflates the proposed FISA legislation with the *Hepting* litigation

and confuses EFF's role in the *Hepting* case with the financial interests of its clients in the litigation, incorrectly asserting that EFF itself seeks damages in the class action lawsuit. Def. Opp. 7.[4] None of this confusion turns EFF into a private commercial enterprise, nor shows a profit motive for EFF's representation of the AT&T customers in *Hepting* who were subjected to illegal surveillance.

EFF's non-commercial goal in seeking the records in this case was to inform the public and our elected representatives about the nature of ODNI's role in seeking the legislation. In its motion for a preliminary injunction, EFF demonstrated extensive and ongoing interest in this legislation by Congress, the Administration, and the media. Mot. Prelim. Inj. 2-7. Indeed, ODNI conceded that there was an urgency to inform the public about the subject of the requested material when it granted EFF's requests for expedited processing. Hofmann Decl. in Support of Mot. Prelim. Inj. Exs. M & N.[5] Furthermore, this Court has already recognized that the release of this information serves a vital public interest. *Elec. Frontier Foundation*, No. 07-5278 SI, 2007 U.S. Dist. LEXIS 89585, at *20 ("[T]he Protect America Act is set to expire in February 2008, and Congress is currently considering legislation that would amend the FISA further. Plaintiff seeks information from defendant specifically so that plaintiff, Congress, and the public may participate in the dabate over the pending legislation on an informed basis.").

ODNI seeks to muddy the waters by citing to cases in which FOIA was used as a substitute

---

[4] Later in the opposition, ODNI suggests that it is EFF's "adversary" in the *Hepting* litigation. Opp. at 9. Not only is EFF not the plaintiff in that litigation, the defendant is AT&T, not ODNI. The United States is an intervenor in the litigation.

[5] Under the FOIA and ODNI regulations, FOIA requests must be processed expeditiously when they seek the disclosure of information about which there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity," and were "made by a person primarily engaged in disseminating information," as provided in 5 U.S.C. § 552(a)(6)(E)(v)(II) and 32 C.F.R. § 1700.12(c)(2). By determining that EFF's requests for expedited processing satisfied this standard, ODNI also implicitly conceded that EFF is "*primarily engaged in disseminating information*." It is inconsistent for the government to now argue that EFF's FOIA requests were primarily motivated by a desire to obtain a litigation advantage in *Hepting*.

for discovery. Each decision, however, is inapposite.[6] The records requested in this case are not a substitute for civil discovery, and ODNI makes no attempt to explain how communications about pending legislation between ODNI and Congress or telecom industry lobbyists constitute matters for civil discovery in *Hepting*. In any event, the cases cited by ODNI are readily distinguishable. For example, in *Ellis v. United States*, 941 F. Supp. 1068, 1079 (D. Utah 1996), "the disclosure of the records did not add to the fund of information necessary to make important political choices." In *Republic of New Afrika v. FBI,* 645 F. Supp. 117, 121 (D.D.C. 1986), "[t]he RNA concede[d] that it has not made its discoveries public" and "RNA's stated goal is to provide a future basis for challenging the legality of government actions." Here, to the contrary, the information provided has already been made public and added to the fund of information used to make political choices.

As the Ninth Circuit has noted, "[a] public benefit may result even though the specific document sought is for plaintiff's sole use." *Church of Scientology*, 700 F.2d at 493. For example, in *Cazalas v. Dep't of Justice*, 709 F.2d 1051, 1053 (5th Cir. 1983), a former assistant United States attorney sought documents "revealing the reasons for her dismissal," and had a "strong personal interest" in the material. The court held that an "acknowledgment of appellant's strong personal interest in securing certain letters and notes is not necessarily inconsistent with an equally strong public interest in also receiving these items." *Id.* Likewise, in *Piper v. Dep't of Justice,* 339 F. Supp. 2d 13, 21 (D.D.C. 2004), the court found it appropriate to award fees where the plaintiff

---

[6] In *Fenster v. Brown*, 617 F.2d 740 (D.C. Cir. 1979), this Court noted, "a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefiting the general public." *Poulsen v. United States Customs and Border Protection*, No. C 06-1743 SI, 2007 WL 160945, 2007 U.S. Dist. LEXIS 8488, at *3 (N.D. Cal. Jan. 17, 2007) (quoting *Fenster,* 617 F.2d at 742 n.4). *See also Tax Analysts v. Dep't of Justice*, 965 F.2d 1092 (D.C. Cir. 1992) (Even "news organizations might not be entitled to fees" where the organization "did not need the attorney's fees incentive *and* because *the material it obtained was already publicly available*." *Id.* (emphasis added); *Education/Instruction v. Dep't of Justice*, 87 F.R.D. 112, 116 (D. Mass. 1980) (awarding attorney's fees even where "plaintiffs in *NAACP v. Harris* unsuccessfully sought to obtain some of

sought documents to help "write a book about his mother's kidnapping and the FBI investigation into it and resulting DOJ criminal prosecution." Moreover, in *O'Neill, Lysaght & Sun v. Drug Enforcement Admin*., 951 F. Supp. 1413, 1424 (C.D. Cal. 1996), the plaintiff, a for-profit law firm, sought information "for the specific benefit of [its client's] habeas petitions." Nevertheless, the court held that "The nature of OL & S's interest in the disclosed records is neither private nor personal," despite the DEA's argument "OL & S only wants access to this information to support its client's habeas petitions[.]" *Id.* at 1424-25.

Tellingly, this Court has found that the use of material obtained through the FOIA for lobbying purposes may serve a public benefit. *See Williams v. Dep't of the Army*, No. C 92-20088 JW, 1993 WL 372245, 1993 U.S. Dist. LEXIS 15336, at *13 (N.D. Cal. Sept. 30, 1993) ("whether Plaintiff desired his records for his own personal use or for some greater public use (*e.g.* lobbying with respect to government immunity under the Feres doctrine) does not affect the Court's determination above that there was some public benefit to this litigation."). Accordingly, while EFF does have an interest in informing the public about the ODNI's role in promoting to amend federal surveillance law legislation, this motivation does not obviate the strong and predominant public interest in EFF's successful litigation of this FOIA case.

**C. ODNI's Opposition To EFF's Motion for a Preliminary Injunction Did Not Have a Reasonable Basis in the Law Because the Government was Recalcitrant in Its Opposition to a Valid Claim.**

Finally, the government claims that EFF should not be awarded fees because ODNI's "conduct in this litigation" demonstrates that the agency "had a reasonable basis for its positions." Def. Opp. 9. As ODNI correctly notes, however, the final factor weighs in the requester's favor where the government "was *recalcitrant in its opposition to a valid claim* or otherwise engaged in obdurate behavior." *Tax Analysts*, 965 F.2d at 1097 (emphasis added). The record reflects that the

---

the same documents as are the subject of this lawsuit via the discovery process.")

agency has engaged in precisely this sort of behavior in opposing EFF's motion for a preliminary injunction.

As EFF pointed out in its opening papers, the government regurgitated arguments in this case that have been rejected repeatedly by this Court and others. *See*, *e.g.*, *Gerstein v. CIA*, No. C-06-4643 MMC, 2006 WL 3462659, 2006 U.S. Dist. LEXIS 89883 (N.D. Cal. Nov. 29, 2006); *Gerstein v. CIA*, No. C-06-4643 MMC, 2006 WL 3462658, 2006 U.S. Dist. LEXIS 89847 (N.D. Cal. Nov. 29, 2006); *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 24 (D.D.C. 2006) (hereafter "*EPIC*"); *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24 (D.D.C. 2004).

The government claims that its decision to recycle its feeble arguments was based on "ODNI's decision to provide this Court with a factual presentation that was missing from those cases." Def. Opp. 11. But as this Court noted, "[t]he *EPIC* case was based on facts *nearly identical* to those presented here." *Elec. Frontier Foundation*, No. 07-5278 SI, 2007 U.S. Dist. LEXIS 89585, at **12-13 (emphasis added). In fact, the government made the same unsuccessful arguments nearly word for word just a few weeks ago when it opposed EFF's motion for a preliminary injunction in an almost identical FOIA case pending before Judge White. *Elec. Frontier Foundation v Office of the Director of National Intelligence et al.*, No. 08-1023 JSW (N.D. Cal. filed Feb. 20, 2008). In rejecting the government's arguments yet again, Judge White observed that the facts of that case were "remarkably similar to the facts presented in *EFF*, wherein Judge Illston found that Plaintiff had carried its burden of demonstrating that it is likely to prevail on the merits of its claim." *Id.*, slip op. at 5 (Apr. 4, 2008) (attached to Supp. Hofmann Decl. at Ex. B).

EFF should never have had to litigate this case to enforce its uncontested right to expedited processing. The government's refusal to comply with well-established law or to even discuss a reasonable processing schedule with EFF prior to the filing of the motion for a preliminary

injunction is solely responsible for any fees EFF has incurred here. In light of this Court's firm rejection of the government's arguments multiple times, an award of attorney's fees is particularly appropriate to encourage the government to reconsider its flawed approach toward expedited processing and promote better uses of the Court's time and resources.

## II. EFF Seeks Reasonable Fees and Costs.

Once the Court determines that a requester is both eligible for and entitled to attorney's fees, the only remaining issue is the amount that the Court should award. *Long v. IRS*, 932 F.2d 1309, 1314 (9th Cir. 1991) (If a court determines that a requester is "both eligible for and entitled to recover fees, the award must be given and the only room for discretion concerns the reasonableness of the amount requested."). ODNI makes no argument that EFF should not be awarded costs, but complains that EFF seeks unreasonable fees. Def Opp. 12-23. The government bears the burden of demonstrating that EFF seeks an unreasonable award, which it cannot satisfy through conclusory complaints. *Golden Gate Audubon Society v. United States Army Corps of Engineers*, 732 F. Supp. 1014, 1021 (N.D. Cal. 1989) (quoting *Nat'l Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1338 (D.C. Cir. 1982) ("[A]n opposing party does not meet his burden merely by asserting broad challenges to the application. It is not enough for an opposing party simply to state, for example, that the hours claimed are excessive and the rates submitted too high.") As explained below, the government's complaints are unavailing.

### A. EFF Seeks Reasonable Hourly Rates Consistent with the Prevailing Market Rate For FOIA and Other Types of Legal Work in This Community.

ODNI claims that EFF has not met its burden of showing that attorneys of similar experience in San Francisco bill their paying clients at the rates EFF seeks, particularly for FOIA work. Def. Opp. 13. Of course, courts have awarded reasonable attorney's fees in FOIA cases based on prevailing rates that are not specific to FOIA work. *See*, *e.g.*, *Exner v. FBI*, 443 F. Supp. 1349, 1354 (S.D. Cal. 1978) (awarding fees in a FOIA case based on counsel's customary billing

rate for commercial litigation). In any event, EFF seeks hourly rates that are well within the range of those charged by attorneys performing similar work in the San Francisco area. As the declaration of Thomas H. Steele states, EFF's attorneys have proposed hourly rates that are comparable to the those used by Morrison & Foerster, a prominent law firm in San Francisco, to bill clients for services performed in connection with state freedom of information work. Decl. of Thomas H. Steele ¶¶ 8-10.

Rather than the prevailing market rates favored by the Ninth Circuit, ODNI argues that the appropriate measure of fees should be the *Laffey* matrix, which is "designed to provide objective guidance in appropriate hourly rates for attorneys in the Washington, D.C. area." Def. Opp. 17. However, ODNI has not cited a single precedent in which a judge in this Court has applied the *Laffey* matrix in a FOIA case.[7] It is well established in the Ninth Circuit that the reasonableness of an attorney's rates is determined by comparing them to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial Inc.*, No. 07-15297, 2008 WL 1792808, 2008 U.S. App. LEXIS 8665, at *13 (9th Cir. Apr. 22, 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). This inquiry requires the Court to "determine the prevailing hourly rate in the Northern District." *Camacho*, No. 07-15297, 2008 U.S. App. LEXIS 8665, at **13-14. *See also* Supplemental Declaration of Kurt Opsahl ¶¶ 3-6.

[7] It is also worth noting that one case in the Southern District of California determined use of the *Laffey* matrix to be "contrary to Ninth Circuit law, which instructs district courts to use the rate prevailing in the community for similar work performed by *attorneys of comparable skill, experience, and reputation*." *Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, No. 05-0440 DMS (AJB), 2007 WL 2142292, 2007 U.S. Dist. LEXIS 53996, at *7 (S.D. Cal. March 27, 2007) (emphasis in original) (citing *Farhat v. Hartford Life and Accident Ins.*, No. C 05-0797 PJH, 2006 WL 2521571, 2006 U.S. Dist. LEXIS 64865, at *4 (N.D. Cal. Aug. 30, 2006)) (in turn quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)) (internal quotation marks omitted). *See also Housing Rights Center v. Sterling*, No. 03-859 DSF (Ex), 2005 WL 3320738, 2005 U.S. Dist. LEXIS 31872, at *10 (C.D. Cal. 2005) (noting that the non-fee-

**B. EFF Expended a Reasonable Number of Hours on This Litigation.**

The government also complains that EFF's attorneys have spent an unreasonable number of hours on this litigation. Def. Opp. 18-23. ODNI's various arguments are addressed briefly below.

*EFF Has Successfully Litigated This Action*. As described above in Section I.A., EFF has obtained virtually all the relief it sought in this action. ODNI's claim that it somehow "prevailed in significant part in this litigation" has no basis in fact. Def. Opp. 18. EFF elected not to challenge ODNI's exemption claims and agreed to voluntarily dismiss the case — the government did not prevail on the exemption issues. *See* Stip. Voluntary Dismiss. (Dkt. No. 44). Further, as discussed above in Section I.C, the Court ruled against ODNI on all but a minor aspect of EFF's motion for a preliminary injunction. Moreover, with respect to the interim release date that ODNI proposed and the Court ultimately adopted, it is immaterial what ODNI offered to do after EFF performed the work associated with preparing and filing the complaint and motion for a preliminary injunction. The critical fact is that the Court ordered ODNI to complete the processing of EFF's requests by a date certain, which was relief that EFF sought in its complaint. ODNI's claims about EFF's "private motivation to litigate this case" are also meritless, as discussed in Section I.B.

*This Court Permits Quarter Hour Billing and Block Billing*. Ninth Circuit case law prohibits neither quarter hour billing nor block billing. *Lytle v. Carl*, 382 F.3d 978 (9th Cir. 2004) ("Plaintiff's counsel . . . is not required to record in great detail how each minute of his time was expended.") (citations omitted); *see also Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*, No. CV 04-9396 CBM (JTLx), 2006 WL 4081215, 2006 U.S. Dist. LEXIS 95610, at *13-14 (C.D. Cal. Dec. 12, 2006) (finding block billing acceptable where it identifies the general subject of the time expenditure). Indeed, "plaintiff's counsel can meet his burden — although just barely — by simply listing his hours and identifying the general subject matter of his time

---

seeking party conceded that "he sees rates between $125 and $650 per hour in California on a

expenditures." Fischer, 214 F.3d at 1121.

The Court may in its discretion reduce hours that are billed in block format, particularly where it is "difficult to determine how much time was spent on particular activities." *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Block billing may not pose a problem, however, when each item listed in a time entry relates to the same overall task. *Oberdorfer v. Glickman*, No. CV-98-1588-HU, 2001 WL 34045732, 2001 U.S. Dist. LEXIS 14677, at *14 n.2 (D. Ore. Sept. 14, 2001) ("Although this 3.25 hour entry has three different tasks listed, it does not run afoul of the 'block billing' problem because it is clear that, while discrete, all three tasks related to the preliminary injunction and should be chargeable to that one task."); *Taylor v. Albina Community Bank*, No. 00-1089-ST, 2002 WL 31973738, 2002 U.S. Dist. LEXIS 25580, at *11 (D. Ore. Oct. 2, 2002) ("discrete but related tasks are compensable"). Here, ODNI complains about block billing with respect to four of Ms. Hofmann's time entries. Def. Opp. 20. Each of these entries, however, lists items related to a single overarching task — specifically, preparing the motion for a preliminary injunction and the papers filed along with it. First Hofmann Decl. ¶ 10. These entries offer sufficient detail for the Court to determine how Ms. Hofmann spent her time.

Likewise, the Court has the authority to reduce time billed by the quarter-hour if it finds that the practice results in an excessive request for compensation. *Welch*, 480 F.3d at 948-949. Fees may be awarded on the basis of quarter-hour billing, particularly where the hours expended are low enough to pose little threat of overbilling. *Comite De Jornaleros*, No. CV 04-9396 CBM (JTLx), 2006 U.S. Dist. LEXIS 95610, at **14-15; *U.S. v. $60,201.00*, 291 F. Supp. 1126, 1131 (C.D. Cal. 2003). The declarations of EFF's attorneys already reflect an exercise billing judgment and seek compensation for low numbers of hours involving discrete tasks. Indeed, the amount EFF seeks is modest in light of *Powell v. Dep't of Justice* 569 F. Supp. 1192, 1202-1204 (N.D. Cal. 1983), in

---

regular basis. This is much more in line with this Court's experience than is the Laffey Matrix.")

which this Court awarded attorney's fees for time spent by counsel reviewing FOIA documents, among other tasks, and applied a multiplier of 1.5 to the entire award. Quarter hour billing has not created an excessive fee request here.8

*EFF's Time Spent Drafting the Complaint, Motion for a Preliminary Injunction and Reply Is Reasonable*. ODNI contends that EFF's hours should be reduced because the complaint, motion for a preliminary injunction and reply are all based in part on filings in other cases. This Court encountered a similar situation in *Golden Gate Audubon Soc'y*, 732 F. Supp. 1014, in which the plaintiffs' counsel said that they expended 48.25 hours to prepare a partial motion for summary judgment and accompanying papers based in part on existing filings in a prior action. According to the Court:

> [T]he question is whether it was reasonable to spend 48.25 hours to prepare plaintiffs' summary judgment brief (which addressed central issues in the case), given their utilization of existing pleadings. We conclude, based on this Court's experience, and the complexity of the case and the issues raised, that the answer to this question is clearly yes. Indeed, had plaintiffs not had the opportunity or foresight to employ portions of the other brief, or utilize existing affidavits, we expect their hours would have considerably exceeded 48.25.

*Id*. at 1017-1018.

The government's argument is weaker still because it neglects to account for the fact that this is the first "expedited" FOIA action Ms. Hofmann and Mr. Sobel have personally litigated in the Northern District of California. Supp. Hofmann Decl. ¶ 3; Supplemental Declaration of David L. Sobel ("Supp. Sobel Decl.") ¶ 3. Ms. Hofmann and Mr. Sobel needed to perform legal research and revise their papers to incorporate the preliminary injunction and FOIA case precedent specific to the Ninth Circuit. Supp. Hofmann Decl. ¶ 4; Supp. Sobel Decl. ¶ 4. In the course of this research, they found no precedent in this Court squarely granting a motion for a preliminary

---

[8] ODNI points out a mathematical error in Ms. Hofmann's hours. Def. Opp. 20 n.10. Ms. Hofmann has adjusted her fee request accordingly in her supplemental declaration. Supp. Hofmann Decl. ¶ 7.

injunction in the expedited processing context. For this reason, Ms. Hofmann and Mr. Sobel took extra care to craft their argument to help the Court reach what it might consider an unusual or novel conclusion based in significant part on the precedents of other courts. Ms. Hofmann and Mr. Sobel also needed to become familiar with the local rules and procedures of the Court and adapt their filings to conform to those requirements. Supp. Hofmann Decl. ¶ 5; Supp. Sobel Decl. ¶ 5. Particularly given these necessary adjustments, EFF's attorneys spent a reasonable amount of time on this work.

*Time Spent Drafting the Application to Shorten Time*. ODNI claims that EFF should not recover fees for work associated with its application to shorten time for a hearing on the motion for a preliminary injunction, which EFF drafted and filed at the same time as the underlying motion. Def. Opp. 21. Prior to drafting the application, EFF asked ODNI to stipulate to an expedited hearing schedule, which ODNI refused to do. Hofmann Decl. in Support of App. Shorten Time ¶ 9 (Dkt. No. 11). Only after EFF filed the application did ODNI agree to stipulate to a hearing date of November 26, 2007 or later. Joint Stip. Briefing & Hearing Schedule on Pl.'s Mot. Prelim. Inj. & Mot. Order Shortening Time (Dkt. No. 19). As a result, the Court ruled on the motion on November 27, 2007, three days before the accelerated hearing the Court had scheduled for November 30, 2007. This means that the Court issue an order days before it would have even held a hearing on the motion under a typical 35-day briefing schedule as provided in Local Rule 7-2. Therefore, EFF's application to shorten time was a critical factor in EFF's successful effort to secure a quick result on the motion for a preliminary injunction.[9]

---

[9]This issue is analogous to that faced by this Court in *Powell*, in which the plaintiff's counsel sought fees for the preparation of a contempt motion that the Court never decided. 569 F. Supp. 1192. The Court awarded fees for this work, explaining, "plaintiff nonetheless prevailed since it was not until after the motion was filed that a significant portion of the documents were finally released." *Id*. at 1203. Here, as in *Powell*, the undecided motion contributed materially to the ultimate result obtained by the plaintiff, and so fees should be awarded for the work associated with it. Considering that the underlying motion for a preliminary injunction sought to secure

**III. EFF Should Be Awarded Fees Associated With Preparing This Reply and Further Work Done to Prepare for and Participate in the Hearing on This Motion.**

For all the reasons stated in EFF's opening brief and this reply, EFF is eligible for and entitled to attorney's fees for the work associated with preparing this reply brief. The reasonable hours expended by EFF's counsel on this reply are set forth in the accompanying supplemental declarations of Marcia Hofmann, David L. Sobel and Kurt Opsahl. We reserve the right to supplement these hours further to account for work associated with the hearing scheduled for May 23, 2008.

**CONCLUSION**

For the reasons stated in its opening papers and above, EFF respectfully requests that its motion for an award of attorney's fees and costs be granted.

DATED: May 9, 2008

By /s/ *Marcia Hofmann*

Kurt Opsahl, Esq.
Marcia Hofmann, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel (pro hac vice)
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

---

expeditious treatment of EFF's requests, and EFF's complaint asked the Court to "provide for expeditious proceedings in this action," it is wholly appropriate to award fees for the work associated with the application.