David L. Sobel *(pro hac vice)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Kurt Opsahl (191303)
*kurt@eff.org*
Marcia Hofmann (250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>Defendant. | NO. 07-CV-05278-SI<br><br>**SUPPLEMENTAL DECLARATION OF MARCIA HOFMANN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br><br>Date: May 23, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor |

1. I am an attorney of record for the plaintiff in this matter and a member in good standing of the California State Bar, and am admitted to practice before this Court. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

-1-

2. I am a Staff Attorney at Plaintiff Electronic Frontier Foundation ("EFF"), which is a nonprofit corporation established under the laws of California with its principal place of business in San Francisco.

3. This case is the first action I have litigated in the United States District Court for the Northern District of California concerning the expedited processing provision of the Freedom of Information Act ("FOIA").

4. I have sought preliminary injunctive relief in past FOIA lawsuits in the United States District Court for the District of Columbia. However, to prepare the motion for a preliminary injunction in this case, I needed to perform legal research and revise prior arguments to incorporate the preliminary injunction and FOIA case precedent specific to the Ninth Circuit.

5. I also became familiar with the local rules and procedures of this Court to ensure that the filings in this case conformed to those requirements.

6. After a careful review of our files on the case, I estimate the minimum number of hours I spent on the reply and accompanying papers as follows:

| Date | Task | Hours |
|---|---|---|
| 5/2/08 | Reviewed and analyzed ODNI opposition to fee motion | 0.6 |
| 5/5/08 | Researched case law on public benefit, commercial benefit, and private interest factors of entitlement test | 3.3 |
|  | Conferred with co-counsel concerning possible declarants for reasonableness of rates | 0.2 |
| 5/6/08 | Researched case law on the reasonable basis factor of the entitlement test, prevailing market rates, and reasonableness of fees | 1.2 |
|  | Consulted with Thomas H. Steele about his rates | 0.2 |
|  | Began drafting entitlement and reasonableness arguments for the reply | 2.6 |
| 5/7/08 | Continued drafting reply | 4.7 |
|  | Researched case law on entitlement and reasonableness of fees | 0.7 |

| | | |
|---|---|---:|
| 5/8/08 | Revised reply | 3.5 |
| | Conferred with co-counsel concerning draft of reply | 0.2 |
| | Reviewed edits to reply from colleagues | 0.3 |
| | Drafted supplemental declaration | 0.6 |
| | Reviewed other attorneys' declarations | 0.4 |
| 5/9/08 | Finalized reply and declarations; filed reply | 3.0 |

============================================  ===

Total reply hours:   21.5

7. As ODNI noted in its opposition to EFF's motion for an award of fees and costs, I made a mathematical miscalculation when determining the hours I worked on this matter in 2007. Rather than spending 54.25 hours on the relevant aspects of this litigation in 2007, I actually performed 66.0 hours of work. In total, I have spent no fewer than 105.85 hours on this litigation, with 66.0 hours spent in 2007 when my hourly rate was $350 per hour ($23,100.00) and 39.75 hours spent in 2008 when my hourly rate was $450 per hour ($17,887.50). At my hourly rates during the relevant timeframe, my total fees are $40,987.50.

8. David L. Sobel, Jennifer Stisa Granick, Kurt Opsahl and I have expended a reasonable number of hours to initiate this action, secure a favorable order on the motion for preliminary injunction, and request attorney's fees. The total amount of attorney's fees EFF seeks to recover is $68,205.00.

9. Attached hereto as Exhibit A is a true and correct copy of the following news article: Michael Isikoff and Michael Hosenball, *Just Between Us*, NEWSWEEK, Apr. 30, 2008,

10. Attached hereto as Exhibit B is a true and correct copy of an April 4, 2008 order issued in *Electronic Frontier Foundation v. Office of the Director of National Intelligence et al.*, No. 08-1023 JSW (N.D. Cal. Filed Feb. 20, 2008).

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. Executed May 9, 2008 in San Francisco, California.

/s/ *Marcia Hofmann*
Marcia Hofmann