IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | No. C 07-05278 SI |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, | |
| Defendant. | |

Plaintiff has filed a motion for attorney's fees and costs. The motion was scheduled for hearing on May 23, 2008, but the Court vacated the hearing pursuant to Civil Local Rule 7-1(b). Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART plaintiff's motion.

**BACKGROUND**

Plaintiff Electronic Frontier Foundation is a non-profit civil liberties organization seeking attorney's fees and other litigation costs from the Office of the Director of National Intelligence. On October 17, 2007, plaintiff filed suit under the Freedom of Information Act ("FOIA") to compel defendant's timely processing and production of records pertaining to defendant's communications with telecommunications carriers and members of Congress regarding pending legislation that would amend the Foreign Intelligence Surveillance Act ("FISA"). On October 29, 2007, plaintiff filed a motion for a preliminary injunction to compel defendant's timely processing and production of the records in light

of pending legislation. On November 27, 2007, the Court granted in part and denied in part plaintiff's preliminary injunction motion. Specifically, the Court ordered defendant to perform an interim release of documents on November 30, 2007, and to complete its release no later than December 10, 2007. The Court denied, without prejudice to reconsideration, plaintiff's request for a *Vaughn* index and instead ordered defendant to issue an affidavit setting forth its basis for any withholdings. In total, defendant released 509 documents in full or in part and withheld fourteen pages in full. On February 5, 2008, defendant moved for summary judgment. Plaintiff initially objected to some of defendant's withholdings, but later the parties voluntarily dismissed the action, and the Court never ruled on the summary judgment motion.

On April 11, 2008, plaintiff filed a motion for an award of attorney's fees and costs pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E). Plaintiff seeks $68,205.00 in attorney's fees and $731.97 in costs, for a total of $68,936.97. Defendant argues that plaintiff's motion should be denied because plaintiff is not entitled to an award. However, defendant also argues that if the motion is granted, plaintiff's request should be reduced to $9,979.31, based on a number of factors.

**LEGAL STANDARD**

FOIA provides in relevant part that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(I). A complainant can substantially prevail by receiving relief through a judicial order or through a voluntary or unilateral change in position by the agency. 5 U.S.C. § 552(a)(4)(E)(ii). If a complainant has substantially prevailed on its FOIA action, then it is eligible for an award of attorney's fees and other litigation costs. *See Church of Scientology v. U.S. Postal Serv.*, 486, 489 (9th Cir. 1983) (citing *Cox v. U.S. Dep't of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979)). However, "[a] determination of *eligibility* does not automatically *entitle* the plaintiff to attorney's fees." *Id*. (emphasis added).

Once the Court determines that a complainant is *eligible* for attorney's fees, the Court has the "sound discretion" to determine whether the complainant is *entitled* to attorney's fees. *Church of*

*Scientology*, 700 F.2d at 492 (emphasis added). In exercising its discretion, the Court should balance the following four factors to determine whether the complainant is entitled to attorney's fees: (1) the public benefit; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the agency had a reasonable basis in law for withholding the records. *Id*. However, the Court also may consider "whatever factors it deems relevant in determining whether an award of attorney fees is appropriate." *Exner v. FBI*, 443 F. Supp. 1349, 1352 (S.D. Cal. 1978).

If the Court determines that a complainant is both eligible for and entitled to attorney's fees, the next step is to determine the amount to which complainant is entitled. The Court may assess the reasonableness of a lodestar figure presented by the complainant and adjust the figure accordingly. *Long v. U.S. Internal Revenue Serv.*, 932 F.2d 1309, 1313-14 (9th Cir. 1991) (stating that if the number of hours expended and the hourly fee are reasonable, there is a "strong presumption" that the lodestar figure is reasonable).

**DISCUSSION**

Plaintiff contends that it is eligible for and entitled to attorney's fees and court costs for its action against defendant. Defendant concedes that plaintiff is eligible for an award in light of the relief plaintiff obtained from the Court's preliminary injunction order, but argues that plaintiff is not entitled to relief based on the facts and circumstances of the case. Defendant's Opposition at 4. Defendant also argues that plaintiff's lodestar figure is unreasonable, and that if the Court finds that plaintiff is entitled to an award of attorney's fees and costs, the Court should use the *Laffey* matrix to determine a reasonable award. Finally, defendant sets forth several reasons that any award should be reduced. For the following reasons, the Court holds that plaintiff is eligible for and entitled to an award of $52,271.97 in attorney's fees and other litigation costs, rather than the $68,936.97 requested by plaintiff.

**I.  Eligibility**

Defendant concedes that plaintiff is eligible for an award of attorney's fees and costs under 5 U.S.C. § 552. Defendant's Opposition at 4. To be eligible for an award of attorney's fees and costs,

3

plaintiff must have substantially prevailed against defendant. To be a prevailing party, plaintiff must have received relief by a court. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 598 (2001). In securing a preliminary injunction against defendant, plaintiff has obtained "the 'judicial imprimatur' necessary to satisfy *Buckhannon*." *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002).

## II.  Entitlement

Defendant argues that plaintiff is not entitled to an award of attorney's fees. "A determination of eligibility does not automatically entitle the plaintiff to attorney's fees." *Church of Scientology*, 700 F.2d at 489. The determination of entitlement is left to the discretion of the Court. *Id*. at 492. To determine whether plaintiff is entitled to attorney's fees, the Court considers the benefit to the public deriving from the case, the commercial benefit to the complainant, the nature of complainant's interest in the federal records sought, and whether the government has a reasonable basis for withholding the record sought. *See*, *e.g., id.*; *Republic of New Afrika* (*RNA*) v. *FBI*, 645 F. Supp. 117 (D.D.C. 1986). In weighing the four factors, the Court finds that plaintiff is entitled to an award of attorney's fees and costs.

### A.  Benefit to the public

Defendant contends that the public benefit derived from the Court's order "was marginal, at best." Defendant's Opposition at 5. However, defendant acknowledged that plaintiff sought to disseminate the requested information to inform public debate over the FISA amendments that Congress was actively considering. November 27, 2007 Order at 9. Upon defendant's release of the requested documents, plaintiff immediately posted the requested information on its website for public access. Plaintiff also created press releases for public access. Hofmann Decl. Exhs. A & B. At least three media outlets reported on the documents, including a blog that members of the public used for discussion. Hofmann Decl. Exhs. C, D, & E. Thus, it is likely that the preliminary injunction added

1 to "the fund of information that citizens may use in making vital political choices." *Blue v. Bureau of*
2 *Prisons*, 570 F.2d 529, 534 (5th Cir. 1978).

3 Defendant also argues that it would have released the same documents twenty-one days later
4 without judicial relief. However, as the Court recognized in its order granting relief, there was a
5 significant degree of urgency to plaintiff's request. November 27, 2007 Order at 10. Furthermore,
6 defendant had not proposed a processing date until plaintiff filed its original motion, and defendant was
7 under no obligation to produce anything by a set date until the Court ordered a preliminary injunction.
8 Thus, the Court finds that this first factor weighs in favor of an award of fees.

### B.     The nature of plaintiff's interests

The Ninth Circuit has considered the second and third criteria – the degree of commercial interest and the nature of complainant's interest in the records sought – jointly in determining whether a plaintiff is eligible for attorney's fees. *See, e.g., Church of Scientology*, 700 F.2d at 494. Defendant contends that plaintiff had a strong commercial and private interest in bringing its claims against defendant. Defendant argues that plaintiff sought to further its own lobbying and collateral litigation interests in its role in cases such as *Hepting v. AT&T*, 439 F. Supp. 2d 974 (N.D. Cal. 2006). Defendant also argues that plaintiff used FOIA to access defendant's communications "regarding legislative proposals that have the potential to scuttle [plaintiff's] class action lawsuits." Defendant's Opposition at 9. However, in cases such as *Hepting*, plaintiff represents clients or classes of clients, and not itself. Thus, plaintiff is neither seeking damages for itself, nor profiting commercially in such cases. In fact, as a nonprofit organization, plaintiff is the sort of requester that Congress intended to recover attorney's fees under FOIA. *See Church of Scientology*, 700 F.2d at 494 ("[W]here plaintiff is . . . a nonprofit public interest group, an award of attorney's fees furthers the FOIA policy of expanding access to government information.").

To boost its argument regarding plaintiff's private or commercial interests, defendant cites to *RNA*, 645 F. Supp. 117, where the court found that the plaintiff was "not simply acting as a nonprofit, public interest group" when it brought its FOIA suit against the FBI, *id*. at 121. However, RNA's action is easily distinguishable from the current case. First, the *RNA* court found little or no public benefit

5

resulted from RNA's legal action under FOIA, *id.* at 120-21, and RNA conceded that it had not made its discoveries public, *id.* at 121. Moreover, RNA admitted "to using information from its FOIA action in [its] suit for damages," and it conceded that one of its purposes in its FOIA action was to "exonerate certain of its members from criminal prosecution." *Id*. Plaintiff has not made such concessions. Instead, plaintiff has shown that a public benefit resulted from its actions, and there is no evidence that plaintiff is seeking damages for a private or commercial interest.

### C. Defendant's explanation for not releasing the documents sooner

Finally, the fourth factor examines whether the agency had a reasonable explanation for withholding the requested records. *Church of Scientology*, 700 F.2d at 492. Defendant argues that it granted plaintiff's request to expedite processing of the requested documents, and moved plaintiff's request in front of its processing queue. Defendant claims that it "worked diligently to release responsive records to plaintiff 'as soon as practicable,'" as required under FOIA. Defendant's Opposition at 10. However, defendant failed to provide specific information explaining why it needed four months to process plaintiff 's FOIA request. November 27, 2007 Order at 9.

Defendant further contends that its reasonableness is illustrated by the Court's denial of plaintiff's motion for a *Vaughn* index and the unaltered interim production date. However, the interim date was merely three days after the Court's Nov, 27, 2007 ruling and any adjustment made by the Court against defendant was unlikely. Although the Court denied plaintiff's request for a *Vaughn* index of withheld records, the Court did so without prejudice and ordered defendant to submit an affidavit to establish a reasonable basis for withholding any documents. The Court also required defendant to process plaintiff's request twenty-one days sooner than defendant had proposed, thus further indicating that defendant had failed to establish a reasonable basis for its refusal to release the documents earlier.

In weighing the four factors set out in the FOIA Senate Report, the Court finds that plaintiff sought undisclosed records from defendant in the interest of the public and that defendant failed to establish a reasonable basis for withholding the requested documents. Therefore, plaintiff is entitled to an award of attorney's fees and costs pursuant to 5 U.S.C. § 552.

6

### III. Attorney's fees and costs

The Court has discretion in determining the reasonable amount of attorney's fees and costs to award plaintiff. *Long*, 932 F.2d at 1314 (finding that the Court may adjust the lodestar figure if "certain factors relating to the nature an difficulty of the case . . . indicate that such an adjustment is necessary"). There is a "strong presumption" that the lodestar figure is reasonable if the Court finds that the submitted hours and rates are reasonable. *Id*. This Court finds that while plaintiff's rates are reasonable, plaintiff has not submitted a reasonable number of hours. Consequently, the Court reduces plaintiff's lodestar figure of attorney fees to $51,540.00.

#### A. Reasonableness of plaintiff's lodestar figure

Plaintiff has calculated its lodestar figure using the following hourly rates of the four attorneys who worked on this case: (1) Ms. Hofmann – $350 per hour for 2007 and $450 per hour for 2008, (2) Mr. Sobel – $600 per hour for 2007 and $700 per hour for 2008, (3) Mr. Opsahl – $425 per hour in 2007 and $525 per hour in 2008, and (4) Ms. Granick – $500 per hour for 2007 and $600 for 2008. The burden is on plaintiff to produce satisfactory evidence that its requested rates represent "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Navarro v. Gen. Nutrition Corp.*, 2005 WL 2333803, *7 (N.D. Cal. Sept. 22, 2005) (citing *Jordan v. Multnomah County,* 815 F.2d 1258, 1263 (9th Cir. 1987)). Each of the four attorneys' declarations state that their rates "are well within the prevailing hourly rate in the San Francisco Bay Area for lawyers of comparable education, expertise, and experience who handle matters of the type involved in this litigation." Sobel Decl. at ¶ 5; Granick Decl. at ¶ 5; Opsahl Decl. at ¶ 6; Hofmann Decl. at ¶ 5. Plaintiff also presented a supplemental declaration of a San Francisco attorney, who states that the hourly rates that plaintiff asserted "appear to be comparable to the hourly rates used by our firm . . . in connection with our state [FOIA] work." Steele Decl. at ¶ 10. The Court finds that plaintiff has set forth satisfactory evidence that the 2007 rates are reasonable, though not that the 2008 increased rates are reasonable. Therefore, the Court will use the 2007 rates in calculating the lodestar figure.

As for the hours expended, the Court finds plaintiff's requested hours high in light of the nature of this litigation and the level of skill required. The Court finds it appropriate to reduce the time the attorneys spent on the complaint, the preliminary injunction, and the reply brief, though not other tasks. Plaintiff bills a total of 12.0 hours for drafting and reviewing its complaint. The Court finds this unreasonable and will reduce Ms. Hofmann's hours to 7.5 and Mr. Sobel's hours to 2.0 for the time spent on the complaint. The Court finds the 88.45 hours plaintiff bills for its motion for a preliminary injunction and reply to be unreasonable. Accordingly, the Court will reduce Ms. Hofmann's preliminary injunction hours to 43.5, Mr. Sobel's to 15.5, and Mr. Opsahl's to 9.5. The Court also finds the 32.2 hours charged for plaintiff's reply to defendant's opposition to attorney fees to be unreasonable, and will reduce Ms. Hofmann's time working on the reply to 16.5 hours and Mr. Opsahl's time to 7.1 hours.

The Court calculates the reasonable lodestar figure as follows:

| Attorney | Hours Compensated | Hourly Rate | Lodestar Figure |
| --- | --- | --- | --- |
| Hofmann | 86.75 | $350 | $30,362.50 |
| Sobel | 21.6 | $600 | $12,960.00 |
| Opsahl | 17.1 | $425 | $7,267.50 |
| Granick | 1.9 | $500 | $950.00 |

Total Attorney's Fees: $51,540.00

### B.    Defendant's request to reduce plaintiff's award

Defendant argues that plaintiff's award should be reduced for a number of reasons. First, defendant argues that the award should be reduced, "commensurate with plaintiff's limited degree of success on its motion for preliminary injunction." Defendant's Opposition at 19. As stated above, plaintiff substantially prevailed in its preliminary injunction, and the preliminary injunction added to "the fund of information that citizens may use in making vital political choices." *Blue*, 570 F.2d at 534. Without the preliminary injunction, defendant was under no obligation to release the documents by December 10, 2007.

Defendant also argues that plaintiff used improper quarter-hour and block billing. However, there is no evidence that plaintiff's use of quarter-hour increments posed a threat of over-billing. *See,*

*e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (finding that quarter-hour billing resulted in excessive billing when "counsel billed a minimum of 15 minutes for numerous phone calls and e-mails that likely took a fraction of the time"). In addition, block billing may be appropriate when the tasks listed in a block are related. *See*, *e.g., Oberdorfer v. Glickman*, 2001 WL 34045732, *5 (D. Or. Sept. 14, 2001) (finding that a 3.25-hour entry that listed three tasks does not create a block-billing problem because the three tasks relate to a single motion). In this case, while Ms. Hofmann's time entries sometimes include discrete tasks, the tasks in a given block are related. *See* Hofmann Decl. at ¶ 10. The Court does not find it appropriate to reduce plaintiff's award for quarter-hour or block billing.

### C.     Other litigation costs

The Court finds it reasonable to award plaintiff its requested costs for this litigation in the amount of $731.97. When added to the $51,540.00 in attorney's fees, this results in a total award of $52,271.97 for plaintiff.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART plaintiff's motion for attorney's fees and costs [Docket No. 48].

**IT IS SO ORDERED.**

Dated: June 4, 2008

SUSAN ILLSTON
United States District Judge